## MOODY & JEMISON v. B. F. PASCHAL ET AL.

### (Case No. 1456.)

1. ASSIGNMENTS.— When two or more instruments are executed at the same time, by the same parties, and with reference to the same subject matter, which, if construed together, constitute an assignment for the benefit of creditors, they will be so construed and held by the courts.

2. SAME.— An assignment which attempts to confer on the assignee power to declare future preferences, as to non-preferred creditors, in his discretion, is void.

APPEAL from Denton. Tried below before the Hon. C. C. Potter.

Suit by appellants in trespass to try title against appellees, claiming the land through a judgment rendered in their favor and against T. W. and C. C. Daugherty, in the district court of Galveston county, October 10, 1879, execution thereon, and sheriff's sale and deed. Paschal claimed the land by virtue of a conveyance from T. W. and C. C. Daugherty. Verdict and judgment for appellees.

The controversy grew out of what is held to have been an assignment to Paschal for the purpose of paying the debts of T. W. Daugherty.

Appellees introduced the same chain of title as that introduced by the appellants from the state to T. W. and C. C. Daugherty, and they further introduced a deed from T. W. and C. C. Daugherty to appellee Paschal.

B. F. Paschal, a witness for appellant, stated that the last deed mentioned was without consideration, "and that he had, since its date, paid $1,500 to their creditors according to the agreement he signed that night." Upon cross-examination witness was asked to state what the consideration of that deed was, which was objected to by appellants, if there was any writing or memorandum in writing explaining the same. The witness stated that there was a written instrument executed by him at the time, and a part of the same transaction. The witness, over objection, was permitted to state substantially the contents of the written instrument.

Appellants proved the indebtedness of C. C. and T. W. Daugherty antecedent to the date of the deed to Paschal, to the amount of about $2,000, and that it was the same debt which had been reduced to judgment in the Galveston district court. Appellees then offered an instrument signed by B. F. Paschal, which recited that Paschal, in consideration of $5,000, paid in property as follows: Two tracts of land of one hundred and sixty acres each, one store-house on one half lot in Denton, and a stock of merchandise, all appearing in

a deed for two tracts of land from C. C. Daugherty to said Pas-chal — had made and entered into an agreement with T. W. Daugh-erty as follows:   He, Paschal (said T. W. Daugherty being in fail-ing circumstances and being desirous of securing certain of his creditors, shown by a schedule attached), agreed to sell and dispose of the property on the best terms he could, stipulating that he was only to be responsible for fair and honest dealing, and reserving the right to exercise his best judgment as to terms, time and conditions of sale; and to dispose of the proceeds as follows:   First, to retain a compensation to himself not to exceed ten per cent.   Second, to retain a necessary amount for costs and attorneys' fees to defend the interest of the persons named in said schedule.   Third, to pay out the remainder *pro rata* to the persons named in said schedule, and if, after the claims of the persons named in said schedule had been paid there was a remainder, to pay the same to any creditor of said T. W. Daugherty which he (Paschal) might elect.

No briefs on file.

Watts, J. Com. App.— There is no doctrine better settled than that where two or more writings are executed at the same time, between the same parties, and in reference to the same subject mat-ter, that they are to be taken as parts of the same transaction, and as forming one entire agreement.   Wallis *v.* Beauchamp, 15 Tex., 305.

An assignment for the benefit of creditors may consist in one or several instruments.   And where two or more writings are executed simultaneously between the same parties, with reference to the same subject matter, which, when construed together, constitute an as-signment for the benefit of creditors, they will be so considered and held by the courts.   Burrill on Assignments, § 128, and author-ities cited.

Here the conveyance to Paschal and his defeasance were simulta-neously executed in fact between the same parties, and with refer-ence to the same subject matter.   And when taken and construed together, they undoubtedly constitute an assignment for the benefit of creditors.

It is claimed by appellants that the court erred in overruling their motion for new trial, for that the purported assignment was void upon its face, and therefore the verdict was against the evidence. This same question is also presented by bill of exceptions on the admission of the instrument in evidence, and also arising out of the charges given and refused.

There are two clauses in the defeasance that, it is claimed, render the assignment void. The first is in these words:

"I am to retain in my hands such an amount for costs and attorneys' fees as may be necessary and proper to defend the interest of the creditors named in said schedule A."

Those named in schedule A were the preferred creditors according to the terms of the assignment.

The second clause claimed to render void the assignment is in these words:

"Whatever may remain shall be paid over *pro rata* to the said creditors mentioned in said schedule, till all are paid, if the said assets shall amount to sufficient to satisfy said claims; and whatever may remain after the payment of said claims shall be paid out on any other legal claims properly established against said T. W. Daugherty, that I may see proper to pay and satisfy."

Perhaps the first clause, notwithstanding the language, might be susceptible of the construction that the assignee was thereby empowered to employ counsel and pay their fees out of the property, whenever it might become necessary, to enable him to retain possession of the property and administer it under the assignment for the benefit of these preferred creditors. This he would be authorized to do without its being so expressed in the assignment.

In Burrill on Assignments, § 230, it is said: "But when a debtor, in an assignment giving preferences, first provided for the payment of all costs and expenses necessarily incurred by the assignee in defending any suits that might be instituted against him by any creditor or other person for anything growing out of the assignment, or in any way connected with it, it was held that the assignment was fraudulent against his creditors." Citing Mead *v.* Phillips, 1 Sandf. Ch., 83.

If the provision under consideration could be so construed as to authorize the assignee in using the property in that way, so as to delay the execution of the trust, then its effect would certainly be to delay and hinder the non-preferred creditors in getting at the surplus.

Owing to the view entertained with respect to the other clause, it is not deemed necessary to express any authoritative opinion as to the effect of the first clause.

In Barnum *v.* Hempstead, 7 Paige, 571, etc., it was in effect held that when an insolvent debtor makes an assignment of his property, and confers upon the assignee discretionary power to give a future preference to a creditor, or to a class of creditors, over others, in

payment out of the proceeds of the property, the assignment is fraudulent and void. Chancellor Walworth, in that case, said: "So long as debtors are permitted to make assignments of their property, in trust for payment of their debts, without consulting their creditors on the subject, it is absolutely necessary, for the protection of the rights of the latter, that the equitable interests in the assigned property should be fixed and determined by the assignment itself." And again: "And an assignment which thus places any of the creditors in the power of the debtor, or of his assignee, must have the effect to delay or hinder his creditors in the collection of their debts."

In Grover v. Wakeman, 11 Wend., 203, the court says: "It has repeatedly been decided that an assignment which does not declare the uses, but reserves to the assignor the power of subsequently doing it, is fraudulent and void. And if the assignor cannot reserve the power to himself of giving preference, he certainly cannot legally confer it upon his assignee. The same objection in principle exists in both cases." See, also, Sheldon v. Dodge & McLean, 4 Denio, 217; and Strong v. Skinner, 4 Barb., 546.

In Burrill on Assignments, § 228, the doctrine is thus stated: "But a power given to assignees to declare future preferences, or change the order of preferences already given, will render the assignment void."

That clause of the assignment under consideration certainly confers upon the assignee, or rather attempts to confer upon him, power to declare future preferences as to those creditors who had not been preferred by the assignment. In other words, the assignee, as to the non-preferred creditors, could, in disposing of the surplus, make such preferences as might suit his whim or caprice.

In our opinion there is no sort of doubt but that the assignment is by reason of said clause fraudulent upon its face, and therefore void, and the court below erred in holding otherwise.

The judgment ought to be reversed and the cause remanded.

Reversed and remanded.

[Opinion adopted December 11, 1883.]