HARGADINE-McKITTRICK DRY GOODS COMPANY, Appellants, v. JOHN CARNAHAN et al., Defendants; JOHN CARR, Interpleader, Respondent.

St. Louis Court of Appeals, February 21, 1899.

1. **Attachment**: PREFERRED CREDITORS: VENDEE. While an insolvent debtor has a right to prefer one creditor over another, he has no power to delegate this right to a third person.

2. ———: ———: RESPONDENT'S EVIDENCE. In the case at bar, all of the evidence of the respondent is to the effect that by the terms of the sale respondent was given the power of preferring creditors in the disposition of the purchase money; held, the necessary result of this was to hinder and delay the creditors in the collection of their debts, and appellant's instruction for a judgment ought to have been given.

*Appeal from the Carter Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

MUNGER & MUNGER and JAMES ORCHARD for appellants.

This case should not have been submitted to the jury except upon a peremptory instruction to find for the plaintiff; interpleader knew of the fraud in the sale of the goods, had paid nothing for them, and of course was not an owner in good faith, nor an innocent purchaser, and can have no standing in court. Arnholt v. Hartwig, 73 Mo. 485; Dougherty v. Cooper, 77 Mo. 532; Young v. Kellar, 94 Mo. 581. The court should have given the two instructions offered by the plaintiff by way of demurrer, one at the close of the interpleader's evidence, and one at the close of the whole evidence, and the jury should then and there have returned a verdict for the plaintiff under the instructions of the court. Arnholt v. Hartwig, 73 Mo. 485; Dougherty v. Cooper, 77 Mo. 532; Young v. Kellar, 94 Mo. 581.

JOHN H. RANEY and J. C. CARTY for respondent.

The title to the goods was perfect in respondent at the time of the levy. He had bought them; pledged his credit for them. That title can only be defeated by showing that the sale was made by J. M. Carnahan & Company with the intent and for the purpose of hindering and delaying their creditors in the collection of their debts. It is not correct to say that because a man is in debt or insolvent he can not sell his property. He may. The title which he transfers is good against the world, provided that he transfers it for an honest purpose, and has no intent to hinder or delay his creditors in the collection of their just debts. An embarrassed debtor may make sale of his property which he deems advantageous to enable him to raise the necessary means for paying off his creditors, and to prevent its sacrifice at forced sale under execution; and for this purpose the law recognizes his right to sell for cash or on time. Dougherty v. Cooper, 94 Mo. loc. cit. 531; Green v. Tanner, 8 Met. 411; Waddams v. Humphrey, 22 Ill. 661; Nelson v. Smith, 28 Ill. 495.

BIGGS, J.—The plaintiff sued John M., John W. and Sol. Carnahan, composing the firm of John M. Carnahan & Company, by attachment. The sheriff seized a stock of goods in the possession of John Carr, the respondent herein. Subsequently Carr interpleaded for the goods. On trial of the interplea the issues were found for Carr and judgment was entered on the verdict in his favor. The plaintiff has appealed.

Various questions are urged in the briefs. We need only discuss one. At the close of the evidence for interpleader and also at the close of all the evidence, the plaintiff asked the court to direct the jury to find for it. This instruction ought to have been given. The facts are these: A few days prior to the institution of plaintiff's suit Carnahan & Company, who

owned the attached goods, sold them to Carr. The Carnahans and Carr all testified that Carr paid no money on the purchase; that the purchase price was $235; that Carr agreed to pay that amount on the debts of the firm; that no particular creditors were mentioned; that it was left discretionary with Carr to whom he should pay the money, and that on account of the attachments he had paid no one.    It was not controverted that the purchase money was insufficient to pay all the debts of the firm; that the stock of goods comprised substantially all of the property of the firm, and that the firm at the time of the sale was insolvent.    The foregoing testimony was produced by the interpleader himself; it was uncontradicted, and under it the sale and transfer of the goods was fraudulent and void as to the creditors of the firm.    It is lawful for an insolvent debtor to sell his property *en masse* at a fair valuation and to provide that his vendee should apply the purchase money ratably among his creditors. (Young v. Keller, 16 Mo. App. 550; Bank v. Hughes, 10 Mo. App. 7.)    So may he lawfully make such a sale upon the agreement or understanding that his vendee should apply the purchase money to the discharge or partial discharge of certain of his (vendor's) debts. This is but a mode of preference. (Baker v. Harvey, 133 Mo. 653.)    But while an insolvent debtor may lawfully prefer one creditor to another, he has no right to delegate that power to another.    Seger's Sons v. Thomas Bros., 107 Mo. 635; Barnum v. Hempstead, 7 Paige, 568.    In the latter case the court decided that it was beyond the power of the debtor to clothe his assignee with the power of giving preferences to any class of creditors "whereby such creditors might be induced to relinquish some part of their claims, or to refrain from enforcing the same against the trust fund in the hands of the assignee, in the hope of obtaining a preference in payment on account of such indulgence or by the relinquishment of a part of their claims.    And an assignment which thus places

*Margin note: SALE: void as to creditors.*

any of the creditors in the power of the debtor, or of his assignees, must have the effect to delay or hinder his creditors in the collection of their debts. In the case of Seger v. Thomas, *supra*, the bill of sale clothed the vendee, who was a creditor of the vendor, with power to prefer other creditors at his discretion to the extent of the surplus after satisfying his debt. The supreme court decided that the necessary result of the conveyance was to hinder or delay other creditors, and that consequently it was void. Judge Thomas, who delivered the opinion of the court, said: "While an insolvent debtor has a right to prefer one creditor over another, he has no power to delegate this right to a third person." In the case here all of the evidence of the respondent is to the effect that by the terms of the sale Carr was given the power of preferring creditors in the disposition of the purchase money, that is he did not contract to pay particular debts, nor to divide the purchase money ratably among the creditors, hence under the foregoing authorities the sale was void as to the creditors of Carnahan & Company, as the necessary result of it was to hinder and delay them in the collection of their debts. We therefore hold that the appellant's instruction for a judgment ought to have been given. The judgment will be reversed and the cause remanded. All concur.

RESPONDENT'S evidence.