HAGARDINE-McKITTRIC DRY GOODS COMPANY, Appellant, v. J. M. CARNAHAN et al., Defendants; JOHN CARR, Interpleader, Respondent.

**St. Louis Court of Appeals, February 27, 1900.**

1. **Attachment:** FORMER APPEAL: RIGHT TO PREFER CREDITORS, NOT ASSIGNABLE. When this case was here before, we held while an insolvent debtor had a right to prefer one creditor over another, he had no power to delegate this right to a third person.

2. ———: ——— INTERPLEADER: SALE: WHETHER BONA FIDE, FOR THE JURY. The question as to whether the sale to Carr was made in good faith or not, was properly submitted to the jury, and the jury having found that it was so made, its verdict must be final.

3. ———: ———: NATURE OF AN INTERPLEA. The proceeding by interplea in an attachment suit, is substantially an action to recover from the officer the specific property attached.

4. ———: ———: VERDICT, NOT RESPONSIVE. This was the verdict of the jury: "We, the jury, find the issues in this case for the interpleader, and for the value of the goods, at the time they were taken by the sheriff, at the sum of $235;" the verdict was erroneous, not responsive to the issues, and compels a reversal of the cause.

Appeal from the Carter Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Munger & Munger* for appellants.

(1) This case should have gone to the jury on a peremptory instruction to return a verdict for the plaintiff. Interpleader knew of the fraud in the sale of the goods, had not paid the purchase price and was not an owner in good faith

nor an innocent purchaser and could have no standing in court. Arnholt v. Hartwig, 73 Mo. 485; Dougherty v. Cooper, 77 Mo. 532; Young v. Kellar, 94 Mo. 581; Cheek v. Waldron, 39 Mo. App. 25. (2) An interplea is an action of replevin grafted on the attachment law and can not be maintained where replevin can not. Rindskoff et al. v. Rogers, 34 Mo. App. 132; Hinser v. Beck, 55 Mo. App. 675; Sawyer Paper Co. v. Mangan, 60 Mo. App. 78. (3) The only issue raised by the pleadings in this cause was as to interpleader's ownership of the specific goods taken by the sheriff at the time of the attachment. Engine and Thresher Co. v. Glozier, 55 Mo. App. 95. (4) The verdict should have responded to that issue only. Nolan Admr. v. Deutsch, 23 Mo. App. 1; Grocer Co. v. Goetz, 57 Mo. App. 8. Upon no theory of this case can interpleader recover a money judgment against plaintiff. Spooner v. Ross, 24 Mo. App. 599.

No brief for respondent.

BIGGS, J.—This is the second appeal in this case (79 Mo. App. 219).

The opinion on the first appeal contains a statement of the main facts, which may be restated as follows: The plaintiff is an attaching creditor of the firm of John M. Carnahan & Company. A few days prior to the attachment Carnahan & Company sold its entire stock of goods to John Carr, the interpleader, for $235. The plaintiff attached the goods, claiming that the sale to Carr was fraudulent. Carr filed an interplea claiming the goods. On the first appeal we reversed the judgment on the interplea, which was in favor of Carr for the reason that his own evidence showed a fraudulent sale, in that the stock of goods had been sold for a sum less than the debts of Carnahan & Company; that the stock was substantially all the property owned by the firm, and that the

agreement was that the interpleader should pay the purchase money to the creditors of the firm, and that it was left for him to determine to whom he should pay the money and in what proportion. We held that while a debtor had the right to prefer creditors he could not delegate the power, and that an attempt to do so rendered the transaction void. On a retrial the interpleader introduced evidence tending to prove that it was the agreement between him and Carnahan & Company that certain named creditors should be first paid by him, and that the balance, if any, of the purchase money should be paid to plaintiff as one of the creditors of the firm. The evidence of plaintiff tended to contradict this and to prove that no particular creditors were named and that Carr attempted to force certain creditors to agree to a compromise of their debts in order to secure from him a promise to pay them anything. The case was submitted to the jury under instructions embodying the two theories of the evidence. The jury returned the following verdict: "We, the jury, find the issues in this cause for the interpleader and for the value of the goods at the time they were taken by the sheriff at the sum of $235." The court rendered a judgment on this verdict in favor of the interpleader and against the plaintiff for two hundred and thirty-five dollars. The plaintiff has appealed.

The question of the good faith of the sale to Carr was properly submitted to the jury. The evidence of the interpleader, as amended, required the submission of the question. The instructions are open to some criticism, but they contain no radical errors. If the sale was made by Carnahan & Company to Carr for the purpose of paying its debts, and the price agreed on was reasonable and it was agreed that Carr should pay the amount to certain creditors of the firm, or that it should be paid *pro rata* on certain debts, then the sale was valid. On the other hand, if the sale was made by

Carnahan & Company for the purpose of hindering and delaying the creditors of the firm and Carr knew of this; or, if it was left to him to determine the creditors to be paid; or, if the sale was effected for the purpose of forcing the creditors to compromise their debts, then the sale was fraudulent. As there was evidence to support the verdict we can not review the finding merely on the weight of the evidence.

The judgment, however, will have to be reversed for error, both in the verdict and judgment. A proceeding by interplea in an attachment suit is substantially an action to recover from the officer the specific property attached. Was the interpleader the owner of the property at the time it was attached? This was the sole issue and the verdict ought to have responded to it. Here the jury stated that the issues were found for Carr and that they assessed the value of the property at $235. This verdict was insufficient and did not authorize a judgment of any kind. Upon this verdict, however, the court rendered a money judgment against the plaintiffs for the assessed value of the property, which was clearly erroneous. If the verdict had been responsive to the issue and in favor of Carr, then the judgment should have been against the plaintiff for costs only, and that the sheriff pay to Carr the proceeds of the sale of the goods, it appearing by the evidence that the goods had been sold by the officer. Engine Company v. Glazier, 55 Mo. App. 95; Nolan v. Deutsch, 23 Mo. App. 1; Grocer Co. v. Goetz, 57 Mo. App. 8; Spooner v. Ross, 24 Mo. App. 599; Nelson Dist. Co. v. Hubbard, 53 Mo. App. 23. If it was permissible for us to rectify this error we could not do so, as the record does not show the amount for which the goods were sold.

The judgment of the circuit court will be reversed and the cause remanded. All concur.