Mills v. Thomson.

———o———

HENRY W. MILLS, INTERPLEADER, Defendant in Error, *vs.* JAMES THOMSON, Plaintiff in Error.

1. *Attachment before justices—Jurisdiction as to amount claimed in interplea.*— In an attachment suit before a justice of the peace, where the amount originally sued for is within the jurisdiction, he will also have jurisdiction of the interplea, although the value of the property attached and of that claimed, exceed the amount for which suit may be brought in that court.

2. *Attachment before justice—Interplea—Verdict for value of property claimed.*— Where a number of horses were attached before a justice, and the jury found for an interpleader " in the sum of $150, for horses," etc., the verdict was

held a mere nullity which should have been set aside, and a judgment rendered thereon "for the possession of the property mentioned in the interplea" unauthorized.

### Error to Cooper Circuit Court.

*Hayden & Tompkins, with Johnson,* for Plaintiff in Error.

I. The verdict did not find on the issue of the case, but found $150 for horses and $25 for damages : the issue was, did the property belong to Mills? It should have been treated as a nullity.

II. The amount of property involved was beyond the jurisdiction of a justice of the peace, and the motion in arrest ought to have been sustained for want of jurisdiction. (Wagn. Stat., 807–8, §§ 2, 3 ; Butler vs. Ivie, 30 Mo., 478.)

*John Cosgrove,* for Defendant in Error.

I. The statute (Wagn. Stat., 92, § 52) gives a party the right to interplead. It does not say what kind of a verdict shall be returned, or what kind of a judgment shall be entered. And when the property has been sold and cannot be returned, the verdict should be for the value of the property attached, together with the damages sustained, and judgment should have been accordingly. And this court should render the proper judgment. (Dozier vs. Jasman, 30 Mo., 216 ; Russell vs. Defrance, 39 Mo., 506.)

II. The amount sued for (to-wit, $72.77) in the attachment suit, gave the justice jurisdiction. The issues raised by the interplea are merely incidental or collateral to the original suit, and if the justice had jurisdiction in the first instance he cannot be deprived of it, in consequence of the value of the property claimed by the interpleader. The statute limiting the jurisdiction of justices (Wagn. Stat., 807, § 2) has no application to garnishment proceedings. (Davis vs. Staples, 45 Mo., 567.) And the same principle is applicable to interpleas.

SHERWOOD, Judge, delivered the opinion of the court.

Thomson brought suit by attachment before a justice of the peace against Samuel and R. E. Maxwell, on a promis-

sory note, for $150, on which note a balance of $72.77 was claimed. Under the writ issued in the cause, the constable attached a quantity of personal property. W. H. Mills filed an interplea for a portion of the property thus attached, and in the circuit court, where the cause was taken by appeal, was successful.

## I.

Inasmuch as the value of the property claimed by the interpleader exceeded the amount imposed by law as the statutory limit to recoveries of personal property in actions before justices of the peace, it is insisted that the justice had no jurisdiction in regard to the interplea. This view, however, is thought to be incorrect. That the justice had jurisdiction in the original suit, there can arise no doubt; and this interplea is but a collateral matter—an incident growing out of the principal action. Besides one and the same section of the statute (Wagn. Stat., 192, § 52), which allows interpleas in the circuit court, authorizes their filing before justices of the peace, and no limit is assigned in the section referred to as to the value of the property which is the subject of the interplea. And were we to assign a limit in cases of this sort, we would do that which the law itself has not done. The case before us is not the only instance presented by the statute where justices of the peace are permitted to go beyond the boundaries allotted to them in the ordinary method of procedure.

## II.

The issue raised by the interplea was whether the property described therein was that of Mills, the interpleader. But the verdict was not responsive to this issue. The jury merely found for "Mills in the sum of $150 for horses, and $25 for his damages, making in all $175." This verdict was a mere nullity, and the court should have set it aside. This, however, was not done, but the court proceeded to enter judgment in favor of Mills and against Thompson, for "the possession of the property mentioned in the interplea." There is no ground upon which this action of the trial court can be upheld.

27—VOL. LXI.

The verdict is based on a false issue, and the judgment finding no support in the verdict, must be reversed, and the cause will be remanded. The other judges concur.