HEWSON v. TOOTLE *et al.*, *Appellants.*

1. **Fraudulent Conveyance**: POSSESSION AND POWER OF SALE IN MORTGAGEOR. One V. having bought a stock of goods on credit, to secure the payment of the purchase money, gave a mortgage on the goods, together with other goods of his own. The mortgage described the goods as being "now kept and offered for sale at the store room at," etc., and by its terms was to extend to and include any goods which V. might thereafter add to the stock. The mortgagee was authorized to take and remove the goods in case of failure to pay the mortgage debt. *Held*, that it did not appear from the face of this instrument that the mortgageor was to retain possession of the goods with a power of sale, and the mortgage could not, therefore, be declared void on its face.

2. ——— : WHEN VOID AS MATTER OF LAW. The court cannot declare a conveyance to be fraudulent and void, unless it is fraudulent on its face. If the question of its validity depends upon extrinsic evidence, that evidence must be submitted to a jury.

3. **Interplea in Attachment**: VERDICT. Upon the trial of an interplea in attachment, the verdict must be responsive to the issue presented, viz: whether the property attached was the property of the interpleader. A mere money verdict in favor of the interpleader will not do, even where the property has been sold and the proceeds are in the hands of the sheriff.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

The property attached sold for $542.75.

*C. W. Sloan* and *Boggess & Railey* for appellants.

1. The language of the mortgage necessarily implies that Vogler had the right to retain possession and continue

the sale of goods in the ordinary course of his business as a merchant, and apply the proceeds to his own use until the maturity of the note. What else can it mean? Will a man buy a stock of goods and add it to another he already has, and buy other goods and add thereto, and keep the whole thereof on hand as a security for a note to mature many months hence? These goods were perishable in their nature; necessarily must depreciate in value. The mortgagee stipulated for the right to take possession of the goods. When? On the maturity and non-payment of the note! *Expressio unius, exclusio alterius.* The mortgage is void under section 2496, Revised Statutes. *Robinson v. Robard,* 15 Mo. 459; *Brooks v. Wimer,* 20 Mo. 503; *Walter v. Wimer,* 24 Mo. 63; *Stanley v. Bunce,* 27 Mo. 269; *Armstrong v. Tuttle,* 34 Mo. 432; *Lodge v. Samuels,* 50 Mo. 204.

2. It was error to admit parol evidence of the supposed agreement that Vogler should pay over the proceeds of sales to Mrs. Hewson. *Pearson v. Carson,* 69 Mo. 550; R. S. § 2503. Such an agreement, to be good, must be embodied in the mortgage. *Metzner v. Graham,* 57 Mo. 404.

3. If the mortgage is not void by reason of what appears on its face, yet when taken in connection with the circumstances, situation, and relations of the parties, and their subsequent course of dealing with the mortgaged property, for nearly a year from the date of the mortgage, it must be held void as matter of law. *Reed v. Pelletier,* 28 Mo. 173; *State v. Benoist,* 37 Mo. 500, 515; *Bigelow v. Stringer,* 40 Mo. 195, 205; *State v. D'Oench,* 31 Mo. 453; *State v. Voullaire,* 31 Mo. 445.

4. The interpleader was not entitled to a money judgment. But for the statute (R. S. § 449) persons claiming attached property could not intervene to assert any rights whatever thereto, but would be left to assert them in some other way, such as replevin, trover, conversion, etc., by a new and independent action to recover possession of the property attached. By this section persons are

enabled to interplead, and thereby procure an adjudication of their rights. The proceeding is purely statutory, in derogation of the common law, and to be strictly construed; so that the utmost limit to which the right can be extended is the recovery of the thing attached. It cannot be extended so as to allow a party to claim a specific article of personal property and then, upon issues framed to try that right, recover a money judgment against the attaching creditor. *Mills v. Thompson*, 61 Mo. 415.

*Comingo & Slover* and *W. J. Terrell* for respondent.

1. Vogler requested Mrs. Hewson to take the stock to satisfy the debt due her, and the fact that there were articles taken that had been purchased subsequent to the execution of the mortgage is immaterial, as they were, in terms, embraced in the mortgage. *Cook v. Corthell*, 11 R. I. 482; *Williams v. Briggs*, 11 R. I. 476; *Moore v. Byrum*, (Sup. Ct. S. C., 1879,) 7 Rep. 696; *Buck v. Seymour*, 46 Conn. 156; *s. c.*, 9 Rep. 79; *Evans v. Sprague*, 30 Wis. 303; *Morrow v. Reed*, 30 Wis. 81; *State v. Tasker*, 31 Mo. 443; *Voorhis v. Langsdorf*, 31 Mo. 451; *Harmon v. Rice*, 11 Met. (Mass.) 333; *Carrington v. Smith*, 8 Pick. 419.

2. As to fraudulent conveyances, see *Milburn v. Waugh*, 11 Mo. 369; *Little v. Eddy*, 14 Mo. 160; *Gates v. Labeaume*, 19 Mo. 17; *State v. Tasker*, 31 Mo. 445; *State v. D'Oench*, 31 Mo. 453; *Voorhis v. Langsdorf*, 31 Mo. 451; *Harmon v. Rice*, 11 Met. (Mass.) 333; *Carrington v. Smith*, 8 Pick. 419; *Weber v. Armstrong*, 70 Mo. 218.

3. At the time of the trial of the interplea, the property had been sold under appellants' attachment, and the sheriff then had the proceeds of the sale in his hands, and was by the court ordered to lend them out until the case at bar should be determined by this court. The goods having been sold, a verdict in the usual form in such cases, and a judgment for their return would have been useless,

if not absurd. *White v. Graves*, 68 Mo. 218; *Wooldridge v. Quinn*, 70 Mo. 370.

HENRY, J.—In an attachment suit by Tootle and others against Mr. Vogler, Margaret Hewson filed an interplea claiming the goods seized in the attachment suit, under a chattel mortgage, which the answer to the interplea alleged to have been made in fraud of creditors. It is in usual form, but contains the following: "The said Jno. C. Vogler has this day granted, bargained and sold, and by these presents does grant, bargain and sell unto said Margaret Hewson, administratrix, as aforesaid, the entire stock of goods now owned by said Jno. C. Vogler, and kept and offered for sale at the store-room now belonging to the estate of F. Hewson, deceased, in Dayton, Cass county, Missouri, including all the entire stock of dress goods, dry goods, notions and fancy goods, hats and caps, boots and shoes and groceries, which said Jno. C. Vogler purchased from Margaret Hewson, administratrix as aforesaid, as well as all the stock he, the said Jno. C. Vogler, heretofore owned, and which is now added to the said stock purchased as aforesaid, it being the full intent and purpose of this instrument to affect all the entire stock of goods which the said Jno. C. Vogler now has, as well as that which may hereafter be added thereto during the continuance of these presents; * * but should the said Jno. C. Vogler fail or refuse to pay the said note, then the said Margaret Hewson, administratrix as aforesaid, together with such assistance as she may see fit to procure, may take and remove the said stock of goods above described. * * She may sell or dispose of the stock of goods, * * and after paying the expenses of said sale, render the overplus, if any, to the said Jno. C. Vogler."

It does not "appear, on the face of the mortgage, either expressly or by necessary implication, that the mortgageor was to retain possession with a power of sale."

*1. FRAUDULENT CONVEYANCE: possession and power of sale in mortgageor.*

*Weber v. Armstrong*, 70 Mo. 218. From the fact, that not only the goods sold to Mrs. Hewson, the consideration for the debt secured by the mortgage, but also all of a stock then owned and added to the stock purchased, and all that he might thereafter add to the stock during the existence of the mortgage, were by its express terms embraced therein, it is not a necessary inference that a power of disposal was given to the mortgageor. It only affords ground for a conjecture. A stock might be " added to " without first being " diminished." The word " added " is not the equivalent of the word " replenished." The court thus far did not err in refusing to declare the mortgage void on its face.

Nor could the court have properly declared it void, because, with the knowledge and acquiescence of Mrs. Hewson, Vogler remained in possession of, 2. ——: when void as matter of law. and sold, the goods in the usual course of his business, as a retail dealer. The evidence of herself and another witness uncontradicted, was that he sold under an agreement with her that the proceeds of sales were to be applied to the payment of her note, and it also appeared that before the attachments were levied, Vogler gave her possession of the goods to hold under her mortgage. In *Johnson v. McAllister's Assigns.*, 30 Mo. 327, Judge Scott, delivering the opinion of the court said: " Our courts do not hear extrinsic evidence in relation to the validity of a conveyance, and then on such evidence, as a matter of law, pronounce the conveyance void. When a conveyance on its face is fraudulent and void, the court will declare it so. But when it appears to be fair, and its validity depends on extrinsic evidence, that evidence is submitted to a jury, who will determine, as a matter of fact, whether it is fraudulent or not." In *Weber v. Armstrong*, 70 Mo. 217 the same doctrine was distinctly reiterated.

This cause, on the main issues was tried in exact conformity with the foregoing cases, but a fatal error occurred

**3. INTERPLEA IN AT-TACHMENT: verdict.** in another respect. The issue joined was whether the property attached was the property of the interpleader, or not, and the verdict was: "We, the jury, find for the plaintiff $542.75;" and the judgment on that verdict was, that plaintiff have and recover the proceeds arising from the sale of the goods by the sheriff, who is thereby ordered to pay the proceeds to the interpleader. The verdict was not responsive to the issue. *Mills v. Thompson*, 61 Mo. 407, and the instruction authorizing such a verdict, was erroneous. The judgment was the proper judgment, if the verdict had responded to the issue and been for the interpleader. The judgment is reversed and the cause remanded, to be retried as herein indicated. All concur.