# CASES DETERMINED

IN THE

# St. Louis and Kansas City COURTS OF APPEALS.

## MARCH TERM, 1886.

GEORGE N. NOLAN, ADMINISTRATOR (Interpleader), Respondent, v. LEWIS DEUTSCH, Appellant.

Kansas City Court of Appeals, June 28, 1886.

PRACTICE—INTERPLEADER—ISSUES IN ATTACHMENT—CASE ADJUDGED. Where property was taken in attachment, and, pending an order of sale, because of the property being perishable, an interplea was filed by the administrator of the claimant of the property attached, on the first day of the term to which the writs in the attachment suits were returnable and of the first term after these proceedings were put in motion, but *after* the sale of the property under the order of sale aforesaid; the issue on the interplea is *still*, whether the property is the property of the interpleader or not, and the verdict must respond to that issue. If the *verdict* is that the property belongs to the interpleader, then the *judgment* may properly be, that he recover the proceeds of the sale.

APPEAL from Lafayette Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

On May 16, 1883, Baggs & Smiley were running a

| 23 | 1 |
|----|----|
| 34 | 131 |
| 23 | 1 |
| 53 | 28 |
| 23 | 1 |
| 55 | 102 |
| 23 | 1 |
| 57 | 10 |
| 57 | 319 |
| 23 | 1 |
| 63 | 242 |
| 23 | 1 |
| 73 | 383 |
| 23 | 1 |
| 77 | 595 |
| 23 | 1 |
| 83 | 321 |
| 23 | 1 |
| 95 | 125 |

saloon in Higginsville, Missouri, known as the Marble Hall; there was no other sign on the building. On that day Isaac H. Reed bought out the saloon stock and fixtures of Baggs & Smiley. An invoice of the articles sold was made and price agreed upon and payment made, Reed procuring the conveyance of a house and lot, which he had before that time bought, but for which he had not taken a conveyance, to Baggs for four hundred dollars, and giving a note with approved security to Smiley for four hundred dollars upon the purchase. There were some odds and ends of liquors, etc., not included in the sale or inventory, which remained the property of Baggs & Smiley, and which they continued to sell to close the same out. The next day Reed returned to Independence, taking with him five barrels of whiskey, part of the property purchased. A few days afterwards Reed returned to Higginsville and took possession of the house and remaining articles. On the same day the attachment of appellant Deutsch v. Baggs & Smiley was levied on the property, the sheriff obtaining possession by getting key of Reed, upon threats of breaking in forcibly.

On May 28, an order of sale was made by the judge of said court in vacation, as being perishable, etc., property. On June 2, 1883, Isaac H. Reed died. On June 6, 1883, the property was sold under the judge's order aforesaid, and on August 6, 1883, on the first day of the term to which the writs in the attachment suits were returnable, and of the first term after these proceedings were put in motion, J. H. Slover, the first predecessor of this respondent, as administrator of Isaac H. Reed, filed this interplea.

The trial resulted for the interpleader, and defendant appeals.

BOGGESS & MOORE, for the appellant.

I. The case falls under section 2505, Revised Statutes, and must be determined by it on the undisputed facts

disclosed by the evidence; the sale was fraudulent as matter of law. The tardy possession finally taken could not purge the original *virus*, and the court ought to have so declared, and erred in giving the *first* and *fourth* instructions for the interpleader. *Claflin v. Rosenberg*, 42 Mo. 439; *Stern v. Henly*, 68 Mo. 262; *Wright v. McCormick*, 67 Mo. 426.

II. The finding of the jury was against the evidence, and contrary to the law, as declared by the court, taking all the instructions as a whole.

III. The court erred in overruling defendant's motion for a new trial.

IV. The right to interplead and claim property which has been attached, is a purely statutory right, in derogation of the common law, and must be strictly construed and strictly pursued. In this case the property had been sold and converted into money long before the interplea was filed. The judgment rendered was without the jurisdiction and power of the court, as neither the sheriff nor the attaching creditor held the property, claimed in the interplea, and was, for that reason, erroneous, if not void. *Hewson v. Tootle*, 72 Mo. 632.

WALLACE & CHILES, for the respondent.

I. The instructions complained of, given by the court for interpleader, are in the language of the statute, and, also, of the decisions quoted by appellant. *Claflin v. Rosenberg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426; *Stern v. Henly*, 68 Mo. 262; *Stewart v. Nelson*, 79 Mo. 524. There was complete possession taken of a larger part in value of the property sold, and an invoice taken of *all the property*, the *sign*, which was simply the name of the house, and not of any person, did not need removal.

II. The court could not, as a matter of law, declare the sale void; nor was the finding of the jury against the evidence. The evidence was conflicting, but there is ample to sustain the verdict; and where there is any

evidence, the case must go to the jury and their verdict be taken as conclusive on matters of fact. *Johns v. McAllister*, 30 Mo. 327; *Weber v. Armstrong*, 70 Mo. 217; *Hewson v. Tootle*, 72 Mo. 632; *Stewart v. Nelson*, 79 Mo. 522.

III. There is nothing in the objection to the interplea being filed *after* sale of property, *etc.* It was filed in the time prescribed by the statute, there was no authority nor occasion to file it earlier; and the owner's right to it cannot be prejudiced by the hasty sale of it, on an *ex parte* application claiming that it was perishable, almost while the funeral of the owner was in progress.

IV. The finding is sustained by the evidence, and the instructions fairly presented the law of the case.

Ellison, J.—All of the instructions asked, by appellant were given. He complains of two given for interpleader, but we regard them as correct under the facts as summarised in the statement of the cause. The facts do not make out a sale, void as a matter of law under the statute, and the court was not asked to so declare it.

The following is one of the chief causes, alleged in the assignment of errors, for a reversal of the judgment, viz. : "The attached property having been sold before the filing of the interplea, any finding and judgment for the interpleader in the case was and is erroneous."

The judgment rendered in this case is not set out in appellant's abstract, but it will be observed that the objection is, that *no* judgment can be had for interpleader on account of the property having been sold by order of court, under the attachment law concerning perishable property. I think the objection is not good. In *Hewson v. Tootle* (72 Mo. 632), the issue was, as in this case, whether the property attached was the property of the interpleader, and the verdict was : "We, the jury, find for the plaintiffs $542.75," and the judgment on the verdict was, that plaintiff have and recover the proceeds

arising from the sale of the goods by the sheriff, who is thereby ordered to pay the proceeds to the interpleader. That verdict was held not responsive to the issue, and, in consequence, the judgment thereon erroneous, but it is expressly stated, in that case, that if the verdict had been that the attached property was interpleader's, the judgment rendered would have been proper.

Where property attached has been sold, the issue on interplea is still, whether the property is the property of interpleader or not; and the verdict must respond to that issue, instead of being for money, as in the case *supra*. If the verdict is that the property belongs to the interpleader, then the judgment may properly be that he recover the proceeds of the sale. We discover no error justifying a reversal, and affirm the judgment. All concur.