RINDSKOFF, STERN, LAUER & Co., Appellants, v. R. R. ROGERS *et al.,* Respondents.

St. Louis Court of Appeals, February 5, 1889.

1.  **Attachment:** INTERPLEA : ISSUE AND VERDICT. On the trial of an interplea in an attachment case, the only issue is, whether the property attached was or was not the property of the interpleader, and it is error for the court to authorize the jury to return a money verdict.

2.  **Practice, Trial:** ERRONEOUS INSTRUCTION. An erroneous instruction which assists the jury to an unauthorized compromise verdict, cannot be regarded as harmless, merely because it tends to a verdict against the complaining party for less than might have been recovered, if the issue had been properly submitted.

*Appeal from the Newton Circuit Court.*—Hon. M. G. McGregor, Judge.

Reversed and remanded.

*M. E. Benton, James W. Brunk* and *Lubke & Muench,* for the appellants.

In an attachment suit, where the goods are levied on as the property of the defendant, by plaintiff, when a third party interpleads and claims the goods by purchase, made in good faith, and claims to have paid for the goods with money, or notes, or both, and claims exclusive possession at the time of attachment, and the plaintiff answers the interplea, denying the allegations of the interplea ( as in this case ), the issue is made up for trial, and is as to whether the interpleader is entitled to the goods. Under the pleadings there is nothing else to be tried. The court properly stated the issue in this case in the first clause of instruction number one, as given by the court, and the verdict of the jury should have been responsive to this issue. *Nolen v. Deutch,* 23 Mo. App. 1; *Hewson v. Tootle,* 72 Mo. 632, 633. But the court erred in instruction number two, in instructing the jury that they might find for the interpleader Roseberry in the sum of seventeen hundred and eighty-five dollars, the amount of cash which he claimed to have paid on the stock of goods. This error of the court runs through instructions numbered three, four and five. Under the pleading and testimony, Roseberry, the interpleader, was entitled to a verdict for the possession of the whole stock of goods, or what the goods had sold for by the sheriff, or the plaintiff was entitled to a judgment against the interpleader. This verdict of the jury, as received by the court, filed, and on which judgment was rendered, was not responsive to the issue as made up, and to which the testimony of

interpleader tended.    It was error in the court to receive
it.    *Nolen v. Deutch, supra; Hewson v. Tootle, supra;
Mills v. Thompson*, 61 Mo. 417 ; *Newham v. Kenton*,
79 Mo. 382.    The interpretation placed upon the statute
by the appellate courts of this state has been that the
verdict for the interpleader, if he is successful, can be
only for the property ; and, if the verdict is for him in
that form, he may have judgment that the proceeds of
the property in the hands of the sheriff be paid over to
him ; he cannot have a money verdict or judgment.
*Mills v. Thompson*, 61 Mo. 417; *Hewson v. Tootle*, 72
Mo. 632 ; *Nolen v. Deutch*, 23 Mo. App. 1.    In trespass
to personal property the assessment of damages cannot
include interest.    *Damhorst v. Railway*, 32 Mo. App.
350.    Instructions 2, 3 and 4 are entirely inconsistent
with instruction 1 in that the latter allows a recovery
of " the whole proceeds of the goods attached," whereas
the former, upon the undisputed evidence, confined his
recovery to the amount- of cash paid by him and
interest.    This conflict necessarily confused and misled
the jury, and made an excuse for compromising upon a
verdict.    Instructions 2, 3 and 4 were clearly erroneous
in that they allowed the jury to depart from the plead-
ings and find a verdict for the interpleader upon a case
not alleged by him.    Even in equity this would have
been fatal to the decree.    *Newham v. Kenton*, 79 Mo.
382.

*Joseph Cravens* and *John A. Wilson*, for the
respondents.

When the jury have passed upon the issue involved
( as they did in this case, to-wit, the issue of fraud ),
and made a finding upon that issue, the court of appeals
will not reverse on account of the amount found, even
if erroneous instructions were given, the verdict being
for the right party, but will proceed to enter such judg-
ment as would be correct under the evidence.    R. S.

1879, sec. 3776; *Swearinger v. Drue*, 8 Mo. 707; *Swortz v. Chappell*, 19 Mo. 304; *Orth v. Dorschline*, 32 Mo. 366; *Brown v. Bank*, 5 Mo. App. 1. The testimony showing the goods were sold by the sheriff for $2,791.72¾, that was the amount Roseberry was entitled to recover, but under the instructions complained of by plaintiffs, the jury could only find the sum they did; so the instructions on that point, instead of being an injury, were a benefit to the plaintiffs, and in such case the court will not reverse. *Nelson v. Foster*, 66 Mo. 381; *Noble v. Blunt*, 77 Mo. 235; *Brown v. Ins. Co.*, 68 Mo. 133; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Morris v. Railroad*, 79 Mo. 698; *Cordes v. Kraszer*, 8 Mo. App. 61; *Bridges v. Railroad*, 6 Mo. App. 389, 847.

THOMPSON, J., delivered the opinion of the court.

The plaintiffs, being creditors of the defendant Rogers, levied an attachment upon a stock of goods at Southwest City, in this state, as his property. The respondent Roseberry thereupon interpleaded under the statute ( R. S., sec. 449 ), claiming that he had bought the stock of goods of Rogers for the sum of $4,785.73, its invoice cost, paying to Rogers $1,785.73 in money and giving to him two promissory notes of one thousand dollars each, and also giving to the brother of Rogers two non-negotiable notes for five hundred dollars each. The plaintiffs filed an answer to the interplea setting up that the sale from Rogers to the interpleader was a sham sale, concocted with the aid of a third party named McIntosh, for the purpose of assisting Rogers in defrauding his creditors, under an arrangement that the gains of the fraud should be divided between Rogers and the interpleader. To this answer the interpleader filed a reply which consisted of a general denial.

On the issue thus made up there was a trial before a jury. The interpleader gave evidence tending to

show that the sale was in good faith, and that he had made the cash payment of $1,785.73 to Rogers, as alleged, and had given the notes above described, which notes had not been paid. The plaintiffs gave evidence tending to support the allegations of their answer, that the sale was a sham concocted between the defendant and the interpleader with the aid of McIntosh to assist the defendant in cheating his creditors.

The court gave one instruction of its own motion, which concludes by advising the jury that if they find for the interpleader he is entitled to recover the whole of the proceeds of the goods attached. But immediately following this the court gave three successive instructions which advised the jury that, in the event they should find for the interpleader, the measure of his recovery would be the amount of money which he actually paid to Rogers for the goods deducting the money realized for goods sold, and allowing six per cent. interest from the date of the seizure of the goods. Two of these instructions were given by the court of its own motion, and the third was given at the request of the interpleader. The jury thereupon returned the following verdict: "We, the jury, find the issues in favor of the interpleader, John Roseberry, for the recovery of the sum of $1785 out of the proceeds of the sale of the goods attached." Of this verdict the interpleader remitted seventy-seven dollars ( for what reason we do not understand, possibly to cover the error of the court's instruction in regard to interest), and the court entered a judgment in favor of the interpleader for the residue, $1708, to be paid to the interpleader out of the proceeds of the sale of the goods, and also adjudged the costs in favor of the interpleader and against the plaintiffs.

The principal error assigned is that the court could not advise the jury to return a verdict for an amount in money. This objection is clearly well taken. In an

issue made up on an interplea in an attachment case, the only question for trial is the right of property, and the only issue which can be submitted to the jury is whether the property attached was the property of the interpleader or not. *Mills v. Thompson*, 61 Mo. 417; *Hewson v. Tootle*, 72 Mo. 632; *Nolan v. Deutch*, 23 Mo. App. 1. An instruction authorizing a verdict for money, although it be for the full amount of the proceeds of the attached property (as in *Hewson v. Tootle, supra*), authorizes a verdict which is not responsive to the issue and which will not support a judgment. If in such a case the property has been sold, the verdict must none the less respond merely to the question whether the attached property belonged to the interpleader or not; but the court, in rendering the judgment, will apply the verdict to the fund and if it be in favor of the interpleader will adjudge the fund to him. *Hewson v. Tootle, supra; Nolan v. Deutch, supra.*

This is not controverted by the learned counsel for the interpleader; but they ask for an affirmance of the judgment on the ground that the error was an error in favor of the plaintiffs, and hence one of which they cannot complain. We apprehend that this is not a case where the doctrine of error without injury can properly be applied. It rather falls within the principle laid down by the supreme court in *Swartz v. Chappell*, 19 Mo. 304, where it was held that if the trial court gives erroneous instructions, the supreme court will not review the evidence in order to determine whether or not the judgment is for the right party on the facts. The issue was pointedly made by the evidence in this case whether this was a *bona-fide* purchase on the part of the interpleader, or whether it was a sham sale which he assisted in concocting; at least, whether he did not know, or have reasonable grounds to believe that the object of the defendant Rogers in making the sale was to cheat

his creditors. In such a state of the evidence, an erroneous instruction which assists the jury to a compromise verdict not authorized by the principles of the law, cannot be regarded as harmless merely because it assists the jury to a verdict for a smaller amount than the interpleader might have recovered if the issue had been properly submitted to them. The trial court seems to have proceeded upon the theory that, in such a case, the court could direct an equitable apportionment protecting the interpleader in respect of the advance which he had really made, and subjecting the excess of the proceeds of the sale of the property above this advance to the demand of the attaching creditor. The statute does not contemplate such an apportionment. It admits of no other construction than that which has been put upon it by the decisions above quoted, that the sole question is whether the party who interpleads, claiming the property, is entitled to it or no. The principle upon which the circuit court proceeded in this case involves a rescission of the sale, and a placing of the parties as far as possible in *statu quo*. Whether a court of equity could in such a case work out the rights of the parties in this manner, we need not inquire,—because the statute ( R. S., sec. 449) does not admit of such equitable interposition, nor are the pleadings in this case framed with the view of claiming such relief.

The judgment will be reversed and the cause remanded. All the judges concur.