The Nelson Distilling Co. v. Hubbard.

THE NELSON DISTILLING COMPANY, Appellant, v. C. J. HUBBARD *et al.*, Defendants; WILLIAM C. PARKER, Interpleader, Respondent.

St. Louis Court of Appeals, January 31, 1893.

1. **Practice, Trial**: REFUSAL OF INSTRUCTIONS ALREADY GIVEN IN SUBSTANCE. The refusal of instructions is not erroneous, when the substance of them is embodied in those given.

2. ———: OBJECTION TO FORM OF INTERROGATION OF WITNESSES: EFFECT OF SIMILAR PRACTICE ON PART OF OBJECTOR. A party is not in a position to complain of the form of a question propounded to a witness, on the ground that it calls for the conclusion or opinion of the witness, when he himself has used the same form of question.

3. **Fraud**: PAROL EVIDENCE OF NEGOTIATIONS MERGED IN CONTRACT IN WRITING. A party to a contract in writing, charged with having made the contract to defraud his creditors, will not, because of that issue, be entitled to a relaxation of the rule for the exclusion of parol evidence of agreements merged in the writing. But such evidence will become admissible when proof of the matter to which it is directed has been previously introduced by the party charging the fraud.

4. **Attachment**: INTERPLEA: FORM OF VERDICT AND JUDGMENT. When property has been attached and sold as perishable, and an interplea is filed therefor in the attachment proceeding, but the interpleader has only a special interest therein derived from the attachment defendant, the verdict in the trial under the interplea should make a finding, *first*, as to the right of the property and possession, and, *next*, if that be for the interpleader, as to the extent of his interest; and the judgment, if such verdict is in favor of the interpleader, should direct the payment to him of the proceeds of the property to the extent of his interest thus found.

*Appeal from the Mississippi Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Reversed and remanded.

*Henry B. Davis* and *J. J. Russell,* for appellant.

*George S. Elliott* and *Wilson Cramer,* for respondent.

Bond, J.—An attachment suit was brought by the Nelson Distilling Company, appellant, against defendants, Hubbard and Schultz. The writ of attachment was levied upon a kiln of about one hundred and sixty-five thousand brick, as the property of defendants. This property was sold by the sheriff under the order of the judge of the court wherein the said attachment suit was pending. Thereafter William C. Parker, the respondent herein, filed an interplea in said cause, reciting the issuance and levy of said attachment on the aforesaid property, and alleging that the value thereof was $1,500; that the sheriff had sold the same under the order of the judge of said court, and now holds the proceeds thereof; that, at the time of the seizure and sale, said kiln of bricks was the property of said interpleader under a contract between him and defendants, Hubbard and Schultz, by which he was to be paid "for burning them a kiln of brick," certain prices for certain services, and that said brick kiln "was to be and remain in the possession of said W. C. Parker until he was fully paid according to the terms of the contract;" and, further, "that he duly performed all of the conditions of said contract on his part, and burned and made a kiln of brick containing one hundred and sixty-eight thousand brick, and that the amount justly due claimant on said contract is the

sum of $1,006.50, less $68 received on said contract, for which amount together with $100 damage he asks judgment." To this interplea appellant, the Nelson Distilling Company, filed a general denial, and for further answer thereto alleged that such contract, if made between said interpleader and defendants, Hubbard and Schultz, was fraudulent, and made to hinder, delay or defraud the creditors of the said defendants. There was evidence tending to prove the contract set forth in respondent's interplea, and also tending to sustain the defense and charge of fraud set up in the answer of the Nelson Distilling Company. After the giving and refusing of instructions the cause was submitted to a jury, who returned the following verdict, to-wit: "We, the jury, find the issues for the interpleader, Parker." Thereupon the court rendered judgment, to-wit: "It is, therefore, ordered by the court that the possession of the said property above described be delivered to the said W. C. Parker, the interpleader herein, and that he recover from the plaintiff in attachment, the Nelson Distilling Company, the costs and charges herein expended, and that process issue therefor."

From this judgment an appeal was taken, and the questions now before us for review are confined to alleged errors in the giving and refusing of instructions, and in the admission and exclusion of testimony, and such as arise upon the record proper. As to errors alleged for the refusal of the nine instructions asked by the appellant, and the giving of others of the court's own motion, we are satisfied that no reversible error was committed. The pivotal points in the case were possession and fraud, and these were fully covered in the instructions, taken as a whole. On the point of possession the court gave at appellant's request the following: "The court instructs you that, even if you should

believe that Hubbard and Schultz were largely indebted to Parker, the interpleader, at the time of the levy of the attachment, for labor upon the brick in controversy, still you should find for the plaintiff, unless you further believe he, the said Parker, was the owner, or had the exclusive right of possession and was in the actual and exclusive possession of the said brick kiln at the time of the attachment.''

As to the charge of fraud, the court gave of its own motion the following: ''If you believe the contract entered into between Hubbard and Schultz, on the one hand, and Parker on the other, was a bad faith transaction on the part of Parker, or, if you believe said contract was entered into with a design to defeat or to hinder or to delay the creditors in their collections, and that said Parker participated therein, or if you believe the claim of Parker is a cover of the property of Hubbard and Schultz, or to withdraw it from the reach of creditors, then in any such case you will find for the Nelson Distilling Company.''

''If you believe that the brick kiln levied upon by the sheriff was the property of Hubbard and Schultz, and the interpleader, Parker, did not have and hold possession of the same under a good faith transaction to pay for making and burning the same, then your verdict should be for the Nelson Distilling Company.''

The foregoing instructions embody in substance all that was contained in the nine instructions of appellant, which the court declined to give, and the first clause of the one above given contained an error in plaintiff's favor by ignoring the question of fraud or bad intent on defendants' part, and directing the jury to find for plaintiff if they ''believed the contract entered into between Hubbard and Schultz on the one hand, and Parker on the other, was a bad faith transaction on the part of Parker'' alone.

As to the points made in appellant's brief on the exclusion of testimony, only two errors are alleged: *First.* That the court erred in permitting the question, "who was in possession of that brick kiln at the time it was seized by the sheriff?" to be answered against appellant's objection to the form of the question as "asking for a conclusion at law." As to this point it is sufficient to say that, if there was any technical informality in the question, appellant cannot complain thereof, for it put the same question in a leading form to its witness, the sheriff: "Was no one in possession of that brick kiln?" And it has been held that the reception of such evidence under these circumstances is not prejudicial error. *Taylor v. Penquite,* 35 Mo. App. 389, 402. *Second.* Appellant alleges that the court improperly permitted parol evidence of transactions between defendants and the interpleader which were embraced in a subsequent written contract between them. On this point, the ruling of the trial court that witness Schultz might, on behalf of the interpleader, testify as to what was embraced in their subsequent contract, because fraud was charged, is clearly erroneous. Some latitude of inquiry is allowable to the party alleging fraud, but there is no reason for relaxing the rule excluding parol evidence of writings on behalf of a party charged with fraud, while he is under direct examination and might testify contrary to the terms of the absent writing. The only theory on which such evidence could be allowed is to detect, not to obscure, fraud. Notwithstanding the error in the reason given by the trial court for the admission of this evidence, it was admissible upon the ground that counsel for appellant, before making objection to the parol testimony of Schultz, had, upon their cross-examination of the interpleader himself, brought out the terms both of the original agreement

between him and Hubbard and Schultz, as well as the terms of their subsequent contract in writing.

The only question left for review upon this record arises upon the face of the record proper, and is whether or not the judgment rendered by the trial court (above quoted) was the proper judgment to have been given under the facts, and the procedure adopted in this case.

It is the settled law of this state that a statutory interplea (Revised Statutes, 1889, sec. 572) is a *quasi* action of replevin grafted upon a suit by attachment. *Burgert v. Borchert*, 59 Mo. 80; *Bradley-Hubbard Mfg. Co. v. Bean*, 20 Mo. App. 111; *First Nat. Bank v. Lime Co.*, 43 Mo. App. 561; *Hellman & Co. v. Pollock & Co.*, 47 Mo. App. 205. It is equally well settled that, on the trial of the interplea, where the interpleader claims general ownership of the property, the only issue which can be submitted to the jury is whether the property attached was the property of the interpleader or not. *Mills v. Thompson*, 61 Mo. 415; *Hewson v. Tootle*, 72 Mo. 632; *Nolan v. Deutsch*, 23 Mo. App. 1.

It has also been held in this state that, after recovery by an interpleader in an attachment suit, he may sue the sheriff and his bondsmen for the value of the property seized, over and above the proceeds adjudged and paid over to the interpleader in the attachment suit. *State ex rel. v. Barker*, 26 Mo. App. 487; *Clark v. Brott*, 71 Mo. 473. It will be observed that in the statement of the facts in *State ex rel. v. Barker, supra* (as well as in the brief of counsel for relator in that case), it clearly appears that the interpleader in the attachment suit, after the verdict in his favor, had received the proceeds of sale of the attached property under a judgment awarding them to him.

Although there is no direct statement in *Clark v.*

*Brott, supra,* whether, after judgment in his favor in the attachment suit, the interpleaders had accepted the proceeds of the sale of property therein, yet it does appear by the recital in the opinion therein that "the proceeds of sale were considerably less than the invoice price of the goods." While both of these cases hold that, after recovery upon an interplea in an attachment suit, and receiving the proceeds of the sale of the property interpleaded for, the interpleader may bring another suit against the sheriff who made the seizure for any difference between the value of the goods sold, and the amount of their proceeds adjudged to the interpleader in the attachment suit, yet neither of them is authority for the entry of judgment of the court in the form shown in this record and quoted above.

After the finding by the jury on the issue made on the interplea herein in favor of the interpleader, the judgment which the court should have rendered under proper findings was that the interpleader "have and recover, to the extent of his interest, the proceeds arising from the sale of the goods by the sheriff, who is thereby ordered to pay such proceeds to the interpleader." In the case of *Hewson v. Tootle, supra,* it was held that the *proper judgment* in such cases is for the *proceeds* of sale, provided the interpleader gets a verdict on the issue of full title to the property sold; and the same rule has been announced by this court in *Rindskoff, Stern, Lauer & Co. v. Rogers,* 34 Mo. App. 126, 131. If there could be any question as to the effect of these determinations in holding that the *cash proceeds* of the sale of property by order of the court in attachment proceedings become the *substitute* of the property sold, it is put at rest by the doctrine established by the supreme court. *Young v. Kellar,* 94 Mo. 581. That was an action of replevin brought by the alleged owner against a purchaser of goods which had

been seized under attachment against a stranger, and which were sold under the statute directing sales of perishable articles, etc. After tracing the powers to make such sales in the "general authority of the state as an attribute of its sovereignty," the court says as to the effect of such sales (citing Waples on Attachment, 295, 296, 317, 318): "The lien rests on the price after such sale, so that the purchaser gets the object free from the attachment incumbrance, and *all interveners* and junior attachers must look to the proceeds." It was decided in that case that the purchaser at the sale made by order of the court in the attachment suit acquired title thereat good "against the world," and that the true owner of goods, improvidently attached but afterwards sold as aforesaid, could not maintain replevin against such purchaser. This decision of the supreme court and the authorities cited impliedly demonstrate that the judgment of the trial court in this case was improper and nugatory. The property awarded under such judgment had been sold, and its proceeds paid into court before the filing of the interplea in the cause. At the rendition of the judgment the only thing in the power of the court was the custody and disposition of the proceeds of such sale. These were in law the substitute for the property, and subject to all the liens and incidents of ownership which had attached to the property prior to its sale.

It follows, therefore, that the judgment in the case at bar is error apparent on the face of the record, since it attempted to dispose of property over which the court had parted with control, the title or possession of which the interpleader could not have acquired in a direct replevin suit, and for a stronger reason could not have acquired by taking judgment therefor in a *quasi* replevin suit (interplea), to which the purchaser

of said property under its sale by order of the court was not a party.

As this case must be retried, we deem it proper to indicate our views as to the proper method of conducting the next trial. In *Hewson v. Tootle, supra,* the interpleader claimed the general ownership of the goods in controversy. There was, therefore, in that case only one issue, *i. e.,* whether or not the attached property belonged to the interpleader. In cases of special ownership, or partial interest in the attached property or its proceeds, where there is a privity of title between the interpleader and the defendant in the attachment suit, two issues should be submitted to the jury: *First.* As to the right of property and possession. *Second.* In case the first issue is found for the interpleader, the jury should make a finding as to the extent of his interest therein, and, where both of these issues are found for the interpleader, the court should render judgment corresponding to the findings, and, if the specific property has been sold by order of court in the attachment suit prior to these findings, then the judgment of the court should award the proceeds of such sale to the interpleader according to his interest therein, as ascertained by the verdict of the jury on the second issue. We believe this to be the proper construction of the statute (Revised Statutes, 1889, sec. 572) in such cases, and it is in exact analogy with the construction given to the statutes providing for replevin suits proper. *Lewis v. Mason,* 94 Mo. 551; *Dougherty v. Cooper,* 77 Mo. 534; *Gilman v. Kerone,* 45 Mo. 487; *Boutell v. Warne,* 62 Mo. 353; *Dilworth v. McKelvy,* 30 Mo. 149.

We are, therefore, constrained, inasmuch as there are not sufficient data in the record to enable us to render a proper judgment in this cause, to reverse the

judgment of the trial court herein, and remand the cause for new trial in conformity with this opinion. All the judges concur.