SPRINGFIELD ENGINE AND THRESHER COMPANY, Respondents, v. HENRY E. GLAZIER, Appellant.

Kansas City Court of Appeals, November 20, 1893.

| 55 | 95 |
|----|-----|
| 63 | 242 |
| 55 | 95 |
| 65 | 617 |
| 55 | 95 |
| 77 | 308 |
| 55 | 95 |
| 83 | 321 |
| 55 | 95 |
| 95 | 264 |

1. **Justices' Courts**: JURISDICTION: ATTACHMENT: INTERPLEA. Where a justice acquires jurisdiction of an attachment proceeding, he also has jurisdiction to hear and determine an interplea for the attached property, although such property exceeds in value the amount fixed by statute as the limit of justices' jurisdiction, such interplea being an incident growing out of the principal action.

2. **Chattel Mortgage**: DESCRIPTION: DELIVERY. Though the description in a chattel mortgage be insufficient, yet if possession is delivered to the mortgagee before the rights of third parties attach, they can take no advantage of the faulty description, as delivery cures such defects.

3. ————: DELIVERY TO AGENT. A delivery to a third person for the mortgagee's use is a good delivery, if accepted by the mortgagee; and delivery to an agent is as effective as delivery to the mortgagee.

4. **Instruction**: ATTACHMENT: INTERPLEA. An instruction directing the jury to find for the interpleader for such of the property, sold under attachment, as they believe to be included in his mortgage is affirmed.

Engine and Thresher Co. v. Glazier.

5. ——: ——: ——: VALUE OF PROPERTY. On an interplea for property seized in attachment, the only issue to try is whether the attached property is the interpleader's or not, and an instruction as to the value of such property is error; and on a finding for the interpleader the court should adjudge the fund in its custody, arising from the sale of the property, to the interpleader.

*Appeal from the DeKalb Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Samuel G. Loring* for appellant.

(1) The court erred in refusing the fourth instruction prayed for by the defendant, Glazier. Revised Statutes, sec. 572, p. 229. There are no statutes for the filing of interpleas in attachment cases before justices, other than section 604, page 234. *Spooner v. Ross,* 24 Mo. App. 603; *Bergart v. Borchert,* 59 Mo. 85; *Scott v. Russell,* 39 Mo. 410. (2) The court erred in admitting in evidence the chattel mortgage from John and Robert Head to this plaintiff, and in refusing the sixth instruction prayed for by defendant. If the plaintiff was unable to determine what property was attempted to be conveyed by said mortgage, how was it possible for the defendant to ascertain that fact? As to him the mortgage was void for uncertainty. *Chandler v. West,* 37 App. 634; *Stambaker v. Ford,* 81 Mo. 539; *Hughes v. Manifee,* 29 Mo. App. 204; *Bank v. Metcalf,* 29 Mo. App. 384; *Montgomery v. Wright,* 8 Mich. 143; *Nicholson v. Koape,* 58 Mass. 34; *Kelley v. Reed,* 57 Miss. 89; *Cord v. Cooper,* 30 Ind. 9. It should not have been admitted in evidence, and defendant's sixth instruction should have been given. (3) The court erred in giving the first and second instructions upon the part of the plaintiff, for the reason there was no evidence upon which to base said instructions; and

further, the court erred in giving the four instructions prayed for by plaintiff, for the reason that they were not responsive to the issues in the case. *Hewson v. Toalle,* 72 Mo. 637; *Miles v. Thompson,* 61 Mo. 407; *Rendskoff v. Rodgers,* 34 Mo. App. 126.

*Harwood & Miller* for respondent.

(1) There is no law, justice or merit in the position that the justice had no jurisdiction to entertain the interplea, on account of the property attached selling for more than $150, after the justice had decided against the interpleader. An interplea, although it may be in the nature of a replevin suit grafted onto an attachment suit, must be tried in the forum where the property is *custodia legis*—and, if the property is sold before the interplea is finally determined, the interpleader can elect to take the money in place of the property—if he recovers. *White v. Graves,* 68 Mo. 221; *Wooldridh v. Quinn,* 70 Mo. 370. The statute gives the right to interplead in attachment suits. 1 Revised Statutes, 1889, sec. 572, p. 229. There is no limit as to value in the statute. (2) The appellant's counsel lays much stress, in his brief, upon the proposition that the verdict of the jury in this case is not responsive to the issues, and cites *Hewson v. Tootle,* 72 Mo. 635. He evidently forgot that the verdict in this case is, "We, the jury, find for the interpleader to the amount of $116.45." Not a judgment for the plaintiff, as was the judgment in *Hewson v. Tootle,* but for the interpleader. Just such a judgment as Judge HENRY says would have been good in that case. (3) The right to recover is not defeated by a sale after the interplea is filed. *Mansur v. Hill,* 22 Mo. App. 372. (4) The right to interplead in attachment proceedings being a right given by statute, and no limit as to value being imposed

by the statute, no such limit can be engrafted on the statute by construction. And again, the limit as to the value over which justices of the peace have jurisdiction applies to the suit, and not to third parties and strangers who are compelled to intervene to protect their own rights. "The interplea is in no sense part of the cause of action; it is the assertion of an independent right." *Wolf et al. v. Vette*, 17 Mo. App. 36. The instructions given on the part of the interpleader correctly stated the law applicable to the facts; and the verdict being for the right party the judgment should be affirmed. *Orth v. Dorschlein*, 32 Mo. 366; *Garesche v. Deane*, 40 Mo. 168.

SMITH, P. J.—It appears from the record in this case that Henry E. Glazier commenced a suit by attachment against John and Robert Head before a justice of the peace of DeKalb county. The writ of attachment was levied on certain personal property which was, on the application of the plaintiff therein, ordered by the justice to be sold under the provision of section 493, Revised Statutes. Afterwards the Springfield Engine and Thresher Company filed an interplea claiming the attached property.

Upon the issue so made between the plaintiff in the attachment and the interpleader the case was subsequently tried in the circuit court, where the judgment was for the interpleader, and from which the attachment plaintiff has appealed.

The first ground upon which the attachment plaintiff demands a reversal of the judgment is, that the trial court erred in refusing to declare the law as requested in his fourth instruction, to the effect that, under the pleadings and evidence it did not have jurisdiction of the action. Even if we concede the value of the property in controversy to be in excess of the sum

of $150 as contended by the attachment plaintiff, yet this did not deprive the court of jurisdiction of the subject-matter of the interpleader's claim. This identical question was determined in *Mills v. Thompson*, 61 Mo. 415, where it was said "that, inasmuch as the value of the property claimed by interpleader exceeded the amount imposed by law, as the statutory limit to recoveries of personal property in actions before justices of the peace, it is insisted that the justice had no jurisdiction in regard to the interplea. This view is thought to be incorrect. That the justice had jurisdiction in the original suit, there can arise no doubt; and this interplea is but a collateral matter—an incident growing out of the principal action. Besides, the same statute which allows interpleas in the circuit court authorizes their filing before justices of the peace, and no limit is assigned in the section referred to as to the value of the property which is the subject of the interplea. And, were we to assign a limit in cases of this sort, we would do that which the law itself has not done."

A further contention of the attachment plaintiff is, that the court erred in admitting in evidence a mortgage deed made by the attachment defendants to the interpleader and in refusing to instruct the jury that such mortgage was void. The property described by the mortgage consisted, in part, of "one gray mare five years old; one bay mare four years old; three yearling heifers; two cows two years old; one cow four years old; one cow five years old, and two cows seven years old." The property was described in the constable's return on the writ of attachment and claimed by the interpleader to be "one spotted cow; one red cow with bob tail; one red cow with spots on forehead; one red and white cow; one red cow with white flanks; one

gray mare of reddish cast about nine years old; one pony mare, bay color, about seven years old.''

The property described, or intended to be described, in the mortgage was left in the possession of the defendant mortgagors. This was in August, 1888. It seems that the mortgage was given to secure the payment of three notes for $500 each. In December, 1889, the attachment defendants removed to Oklahoma after making default in the payment of two of said notes, the third not falling due until January, 1891. The defendants, before their departure to Oklahoma, turned over to the possession of their brother, Alfred Head, who remained on the place where one of the defendants resided at the time of his removal, the mares and cows, which is the subject of the interpleader's claim, with instructions to keep them until called for by interpleader, and then turn them over to it. That the cows were at another place where they were left and that they were there attached. The mares were turned over to the agent of the interpleader and were in his possession when attached. Now, it seems to us that, in the light of the authorities the description, in the mortgage, if there was nothing else, would be subject to the objection which the attachment plaintiff has urged against it.

It has been decided that, when a mortgage was fatally defective but possession was delivered to the mortgagee before the rights of third parties had attached, that such third party could take no advantage of the faulty description. *Bank v. Sargent*, 20 Kan. 576. Delivery cures defects in description. Cobby on Chattel Mortgages, sec. 187; *Morrow v. Reed*, 30 Wis. 81. So it has often been held in other jurisdictions that possession taken by the mortgagee with the mortgagor's assent before the rights of third parties intervene, cures defects in descriptions and is an identifica-

tion of the property. *Frost v. Bank*, 68 Wis. 234; *Morrow v. Reed*, 30 Wis. 84; *Williamson v. Steel*, 3 Lea, 530; *Stephenson v. Tucker*, 14 N. J. 600; *Cameron v. Marvin*, 26 Kan. 624; *Frank v. Miner*, 50 Ill. 444. And a similar rule has been repeatedly recognized in this state. *Wood v. Hall*, 23 Mo. App. 110; *Moser v. Claes*, 23 Mo. App. 420; *Nash v. Norment*, 5 Mo. App. 545; *Greely v. Reading*, 74 Mo. 309; *Petring v. Chrisler*, 90 Mo. 649; *Dobyns v. Meyer*, 95 Mo. 132. And a delivery to a third person for the mortgagee's use is a good delivery if accepted by the mortgagee. Delivery to an agent is as effective as a delivery to the mortgagee. Cobby on Chattel Mortgage, sec. 508; *Jones v. Swayze*, 42 N. J. Law, 279; *McPartland v. Read*, 11 Allen, 231.

According to the principles of these authorities the court did not err in refusing to exclude the mortgage from the evidence, or to declare it void. The inter-pleader, on the evidence adduced by it, was entitled to a submission of the case to the jury under appropriate instructions.

No error is perceived in the action of the court in giving the interpleader's second instruction which told the jury that, if they believed from the evidence that the property sold by the constable under the attachment, or any part of it, was that included in the mortgage of the plaintiff, no doubt meaning interpleader, they would find for it as to such property.

But we think the court did err in the giving of the first, third and fourth instructions for the inter-pleader, in so far as they directed the jury that, if they found the issue for interpleader, they should find the amount of the money which said property sold for at the constable's sale, or the value of the property not less than it sold for at the constable's sale. The jury found "for the interpleader to the amount of $116.45."

These instructions should not have been given. *Rindskoff v. Rogers*, 34 Mo. App. 126; *Nolan v. Deutch*, 23 Mo. App. 1. They led the jury into the error of finding a verdict that was not responsive to the issues in the case. The only issue which the jury was required to try was, whether the attached property was that of the interpleader or not. *Mills v. Thompson*, 61 Mo. 407; *Hewson v. Tootle*, 72 Mo. 637. It was the function of the court, if the property attached was found to be the property of the interpleader, to adjudge the fund in its custody, arising from the sale, to the interpleader. It was not a matter for the consideration of the jury.

It follows that the judgment of the circuit court must be reversed, and the cause remanded for further trial in conformity to the principles of law which have been declared in the foregoing opinion. All concur.