S. Albert Grocer Company, Appellant, v. E. A. Goetz *et al.*, Defendants; Francis M. Eaton, Interpleader, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. **Attachment:** INTERPLEADER: PLEADING. An interplea in proceedings by attachment need not contain all the averments essential to a sufficient statement in an action of replevin; it need not set forth more than the statute (R. S. 1889, sec. 572) requires.

2. ———: ———: FORM OF JUDGMENT. On a trial of the issues under such an interplea the verdict, if for the interpleader, should be simply that he is the owner of the property in dispute; it need not find the value of the property.

*Appeal from the Cape Girardeau Court of Common Pleas.*—Hon. Alex. Ross, Judge.

Affirmed.

*Wilson & Whitelaw* and *F. E. Burrough* for appellant.

(1) An interplea is simply an action in replevin engrafted by statute on an attachment suit, and a complaint of the same nature. R. S. 1889, sec. 7479; *Burget v. Borchert*, 59 Mo. 85; *Spooner v. Ross*, 14 Mo. App. 599. (2) The verdict of the jury is irregular, and so defective that it should have been set aside by the court. The verdict finds the property to belong to the interpleader, but fails to assess any value of the property. The action being in the nature of replevin, the jury should have assessed the value of the property. R. S. 1889, sec. 7492.

*J. B. Dennis* for respondent.

(1) A proceeding by interplea in suits by attachment is one in the nature of replevin in this, that its object is the recovery of specific personal property; but it is *sui generis* and purely a statutory remedy. *State ex rel. v. Barker*, 26 Mo. App. 487. (2) On the trial of an interplea in an attachment suit, the only issue is whether the property attached was or was not the property of the interpleader, and it would have been error for the jury to return verdict for the value of the property. *Rindskoff v. Rodgers*, 34 Mo. App. 126. If the property has been sold, the judgment may be that he recover the proceeds of the sale of the attached property. *Nolan v. Deutsch*, 23 Mo. App. 1; *Hewson v. Tootle*, 72 Mo. 632.

BIGGS, J.—The plaintiff sued the defendants Goetz and Watkins by attachment before a justice of the peace. The constable levied upon a horse and delivery wagon as the property of the defendants. Eaton filed an interplea, properly verified, in which he averred absolute ownership of the property attached and denied that the defendants had any right or title thereto. The interpleader had judgment before the justice and in the circuit court. The plaintiff has brought the case here by appeal.

On the trial the plaintiff objected to the introduction of any evidence on the ground that the interplea was insufficient and fatally defective. This objection proceeds on the idea, that, as an interplea has been held by the courts of the state to be in the nature of an action of replevin, the statement on which it is founded should contain all averments necessary to a sufficient statement in an action of replevin. R. S. 1889, sec. 7470. The interplea in attachment proceed-

ings is purely statutory, and must be governed entirely by the statute. It is analogous to an action of replevin only in that its object is the recovery of specific personal property. The attachment law (R. S. 1889, sec. 572) provides that an interpleader shall make claim to the property attached, that the claim shall be verified, and that upon the interplea the issues shall be made up and tried. That is all the statute requires, and that is all the courts can require. The statute governing replevin cases has no application.

There is nothing in the point that the jury should have found the value of the property. Although attached property may have been sold, the verdict, if in favor of the interpleader, should be simply that he was the owner of the property in dispute. Upon such a verdict it would be the duty of the court to render a judgment for costs against the plaintiff in the attachment, and also to include in the judgment entry an order that the officer turn over the proceeds of sale to the interpleader. That was done in this case. *Rindskoff v. Rodgers*, 34 Mo. App. 126; *Nolan v. Deutsch*, 23 Mo. App. 1; *Hewson v. Tootle*, 72 Mo. 632; *State ex rel. v. Barker*, 26 Mo. App. 487. Something is said in the briefs about the property having been sold by the constable under an execution in favor of a subsequent attaching creditor. We find no evidence of this in the record.

It is contended that the judgment is against the law and the evidence. The interpleader's claim to the property was that of a purchaser from the defendants. The answer to the interplea was that the pretended purchase was fraudulent as to the creditors of the defendant. The evidence is not well preserved in the record. It discloses some suspicious circumstances tending to discredit the good faith of the purchase, but it is only sufficient to create a suspicion. There is

no direct or tangible evidence of fraud. In support of the verdict the evidence tended to prove that, two days prior to the attachment, the interpleader bought the property from the defendant; that he paid an adequate price therefor, and that he immediately took and held possession of it until it was taken from him under the plaintiff's writ of attachment.

Finding no error in the record, the judgment will be affirmed. All the judges concur.