GEO. E. WILLIAMS, Appellant, v. ANDREW J. BRADEN, Defendant; JOHN HICKS, Interpleader, Respondent.

**Kansas City Court of Appeals, March 26, 1894.**

1. **Attachment:** INTERPLEA: JUDGMENT. In an attachment proceeding on a trial of an interplea for the attached property, the only issue for trial is, whether or not the property belongs to the interpleader, and it is error to render a money judgment against the plaintiff and in favor of the interpleader.

2. ———: ———: PROCEEDS OF SALE. If the attached property has been sold by the court's order, then, if the interpleader prevail in the action, he is entitled to the proceeds of the sale.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADUS, Judge.

REVERSED AND REMANDED.

*Joseph Barton* and *L. A. Chapman* for appellant.

(1) The judgment and finding of the court was erroneous in law, and outside of the only issue in the

case. The only issue was, whether the property claimed was the property of the interpleader or not, and the finding and judgment must be responsive to that issue. It was erroneous for the court to render a money judgment against the plaintiff. The entire judgment was wrong. *Nolan v. Deutsch*, 23 Mo. App. 1; *Hewson v. Tootle*, 72 Mo. 632; *Mills v. Thompson*, 61 Mo. 417; *Rendskoff v. Rogers*, 34 Mo. App. 126; *Newham v. Kenton*, 79 Mo. 382; *Reeves v. Barker*, 26 Mo. App. 487; *Spooner v. Ross*, 24 Mo. App. 599.

*J. E. Wait* for respondent.

In view of the fact that plaintiff had had all the attached property sold, no other judgment could have been rendered, unless the judgment should have directed the interpleader to recover the $115 out of the hands of the sheriff. This is not necessary, under the authorities cited in appellant's brief, and there is no specific amount for this corn in his hands. He sold all the property levied on, and the court finds that appellant wrongfully converted the money to his own use. The attachment proceedings are all in evidence before the court, and appellant fails to call this court's attention to any place where any specific amount for this corn is left in sheriff's hand, from the mere fact that it does not exist, and they could not do it. As to this point, we rely on appellant's authorities. If, under the facts in this case, the last clause of judgment could have been to take it from the money in the hands of the sheriff, then this court, all the rest being regular, will amend judgment and not reverse. *Baldwin v. Dawson*, 39 App. 527.

Gill, J.—Plaintiff, as landlord, sued the defendant, Braden, his tenant, for rent, and attached certain corn grown on the premises. Hicks interpleaded,

claiming a portion of the attached corn. During the pendency of the action, the corn, on the order of the court, was sold, as in the case of perishable property, and it would seem that at the trial of the interplea the sheriff held the proceeds of the sale.

The issues on the interplea were tried by the court, sitting as a jury, and the following finding and judgment was rendered: "Now, on this eleventh day of May, it being the tenth day of the May term of this court, for A. D. 1893, this cause comes on to be heard upon the interplea herein and the answer thereto; and the court, having heard the evidence, doth find that the corn in controversy in said interplea was the property of the interpleader, and wrongfully seized and sold by plaintiff, under attachment against defendant, Braden, and had been wrongfully converted to plaintiff's use, and that the value thereof was and is $115. It is, therefore, ordered and adjudged by the court that John Hicks, interpleader herein, recover of George R. Williams, plaintiff in said cause, the sum of $115 and his costs in this cause, and have execution therefor." Plaintiff appealed.

The foregoing judgment was clearly outside and beyond the issues in the case. The only issue between the plaintiff and interpleader was, whether or not the corn was the property of the interpleader. This, and nothing more, was for decision in the controversy between the attaching plaintiff and the interpleader, Hicks. The trial court erred in rendering a money judgment, as in a case of trespass, against the plaintiff. *Hewson v. Tootle*, 72 Mo. 632; *Mills v. Thomas*, 61 Mo. 415; *Nolan v. Deutsch*, 23 Mo. App. 1; *Rindskoff v. Rogers*, 34 Mo. App. 126.

If the property was, by the court's order, sold as perishable during the litigation, then, if the interpleader should prevail in the action, he would be enti-

tled to the proceeds of the sale. *Nolan v. Deutsch, supra.*

Judgment reversed and cause remanded. All concur.