JULIA A. BECK, Respondent, v. JAMES WISELY, Defendant; C. P. SEITZ, Interpleader and Appellant.

Kansas City Court of Appeals, January 2, 1893.

Landlord and Tenant: ATTACHMENT FOR RENT: LIEN ON CROPS: EVIDENCE. To entitle the landlord to a lien on the crops it is incumbent on him to show affirmatively that the tenant who grew the crop was indebted to him for rent for that year, and that such rent, if past due, was due and payable within eight months next preceding the attachment.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*C. T. Davis* and *January & Lindley*, for appellant.

(1) The defense of lien must be specially pleaded. 7 Wait's Actions & Defenses, sec. 5, p. 222. (2) A landlord has no lien on the crop grown on the demised premises unless it be shown that rent was reserved and payable, and was due within eight months preceding the attachment. Revised Statutes, 1889, sec. 6376. (3) It was not shown by defendant when the farm was rented to Wisely, or when the rent, if any, became

due, and that it was unpaid. (4) The evidence offered wholly failed to establish a lien, and the court erred in not giving interpleader's instruction.

No brief for respondent.

GILL, J.—Mrs. Beck sued Wisely for rent, and attached certain corn alleged to have been grown on the premises. Seitz filed his interplea, claiming the corn under a purchase. The plaintiff's answer to the interplea was a general denial. The issues were tried by the court without a jury; findings and judgment for the plaintiff, and the interpleader appealed.

Under the testimony as shown by the record here presented, the judgment of the trial court was for the wrong party, and will be reversed. The undisputed evidence shows that the interpleader purchased the corn in question from one Mulkey (who bought same from Wisely, the tenant), and paid therefor $400, and that he, the interpleader, was in possession gathering the corn when the sheriff seized it. This clothed the interpleader with an apparent title, good as against the plaintiff or other persons until she or they should show some superior right or lien in themselves. Presumably now the plaintiff claimed on an alleged landlord's lien, as a crop grown on the leased premises; but she failed entirely to prove such facts as would establish any such lien.

Section 6376, Revised Statutes, 1889, must be relied on to sustain plaintiff's lien, and it provides that "every landlord shall have a lien upon the crops grown on the demised premises in any year for the rent that shall accrue for such year, and such lien shall continue for eight months after such rent shall become due and payable, and no longer." To entitle her to such landlord's lien it was then incumbent on

the plaintiff to show affirmatively that the tenant who grew the corn was indebted to her (or would be liable to her) in some amount on account of rent of that year, and that the rent, if past due, was due and payable within the eight months next preceding the attachment. The plaintiff failed to prove these necessary facts.

The judgment must be reversed, and the cause remanded.   All concur.