SCOTT-FORCE HAT COMPANY, *Appellant*, v. HOMBS *et al.*; STURGEON SAVINGS BANK *et al.*, *Interpleaders*.

Division One, March 12, 1895.

1.  **Practice**: INTERPLEA: PARTIES.   Section 2043, Revised Statutes, 1889, allowing a demurrer to a petition for defect of parties, and section 2047, providing that such defect when not assailed by demurrer shall be deemed waived, apply to an interplea.

2. ——: WAIVER. Objections that do not affect the substantial rights of the parties must be raised before judgment.

3. ——: INTERPLEA, VERIFICATION OF. The objection that an interplea was not verified by the interpleader or his agent should be raised by demurrer.

4. ——: ATTACHMENT: INTERPLEA: JUDGMENT. The form of a judgment in favor of an interpleader in an attachment suit, where the attached property has been sold under an order of the court, stated.

5. ——: ——: ——: ——. An informality in entering such judgment will not reverse it, but the supreme court will, under Revised Statutes, 1889, section 2304, make the necessary amendment.

6. ——: INSTRUCTIONS. Where the instructions given at the request of one party present his theory of the case, and, the theory of the other side is clearly stated in the instructions asked by him or given by the court of its own motion, the failure of the court to qualify each instruction by an express reference to the others is not error.

7. ——: ——. A finding of the court sitting as a jury under instructions fairly submitting all the issues raised by the evidence will not be disturbed on appeal.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*C. B. Sebastian, W. Gordon* and *W. M. Williams* for appellant.

(1) *First.* The motion in arrest should have been sustained. The Sturgeon Savings Bank could not maintain the interplea and was not a proper party thereto. If the deed of trust was valid, the trustee had the legal title to the property involved and was alone authorized to maintain the action. *Meyers v. Hale,* 17 Mo. App. 204; *Parker v. Rodes,* 79 Mo. 88; *Pace v. Pierce,* 49 Mo. 393; *Lacy v. Gibony,* 36 Mo. 320. *Second.* It is true that the name of the trustee is mentioned in the interplea. He does not, however, verify the same, nor does anyone for him, or claiming to act in his

behalf. 1 R. S. 1889, p. 229, sec. 572; Waples on Attachment, 82; *Erwin v. Evans*, 92 Mo. 472; *Johnson v. Gilkeson*, 81 Mo. 55. (2) The goods were sold prior to the trial of the interplea, and the proceeds were in the hands of the sheriff. The court committed error in rendering judgment in favor of the interpleaders "for the recovery and restitution of said property." *Distilling Co. v. Hubbard*, 53 Mo. 23; *Hewson v. Tootle*, 72 Mo. 632. (3) The court erred in giving declarations of law for interpleader, excluding issues raised by the pleadings and evidence of the other party. *Clark v. Hammell*, 27 Mo. 55; *Fitzgerald v. Hayward*, 50 Mo. 516; *Stocker v. Green*, 94 Mo. 280. (4) There is no evidence in the record that Barnett ever consented to have the individual indebtedness of O. W. Barnett and W. T. Hombs included in the deed of trust upon the partnership property. In the absence of such consent, the partnership goods could not be applied to that purpose, and, to say the least, the deed of trust could not be enforced for anything more than the debts due from the firm; and the court erred in turning over all the property to the interpleaders. Bates on Partnership, sec. 410; *Hilliker v. Francisco*, 65 Mo. 598; *In re Edwards*, 25 S. W. Rep. 904; *Sexton v. Anderson*, 95 Mo. 373; *Bank v. Brenneisen*, 97 Mo. 145.

*Odon Guitar* and *C. H. & Webster Gordon* for interpleaders, respondents.

(1) This court will disregard the alleged error as to parties, and strike out the name of the unnecessary party, and render judgment in favor of the trustee. Such action can in no way affect "the substantial rights of the adverse party." R. S. 1889, secs. 2100, 2101, 2303; *Gregory v. McCormick*, 120 Mo. 657; *Webster v. Railroad*, 116 Mo. 114; *Hunt v. Railroad*,

89 Mo. 607; *Rude v. Mitchell*, 97 Mo. 365. (2) If there was a misjoinder of parties, and the error was prejudicial to appellant, it was the province and duty of appellant to have raised that question by demurrer in the court below, and, failing to do so, it is too late to raise it here. R. S. 1889, secs. 2043, 2047; *Bensieck v. Cook*, 110 Mo. 173; *Bank to use v. Gilpin*, 105 Mo. 17; *Lucke v. Tredway*, 45 Mo. App. 507; *Anderson v. McPike*, 41 Mo. App. 328; *Spillane v. Railroad*, 111 Mo. 555; *Paddock v. Somes*, 102 Mo. 226; *Dodson v. Lomax*, 113 Mo. 555; *Crenshaw v. Ullman*, 113 Mo. 633. (3) The beneficiary in the deed of trust was a proper party, "being the real party in interest," and as such could sue in his own name, whilst on the other hand the trustee could likewise maintain the action. R. S. 1889, secs. 1990, 1991; *Snyder v. Express Co.*, 77 Mo. 523; *Ellis v. Harrison*, 104 Mo. 270. (4) J. S. Richie, cashier of the Sturgeon Savings Bank, was "a real party in interest." and a party to the suit, "and claims the property in controversy." His affidavit to the interplea was a legal and proper verification of the interplea, under the statute. R. S. 1889, sec. 572; *Lumber Co. v. Raddatz*, 28 Mo. App. 210. (5) The judgment rendered by the court below is strictly regular and formal, and the only judgment the court could have rendered under the pleadings and issue submitted in the case. *Mills v. Thompson*, 61 Mo. 415; *Hewson v. Tootle*, 72 Mo. 632; *Co. v. Rogers*, 34 Mo. App. 126. (6) The instructions given respondent by the court are strictly accurate and correct under respondent's theory of the case. *Henry v. Railroad*, 113 Mo. 525; *State ex rel. v. Hope*, 102 Mo. 410; *Dougherty v. Railroad*, 97 Mo. 647; *Owens v. Railroad*, 95 Mo. 169; *Reilly v. Railroad*, 94 Mo. 600; *Vinegar Mfg. Co. v. Guggamoss*, 98 Mo. 391. (7) In assuming said debt of $2,000, Hombs & Barnett gave their individual notes to the Sturgeon Sav-

ings Bank. The change in the form of said firm note of $2,000 did not change the nature and "legal *status*" of the debt. The capital stock of which it was a part went into the hands of the new firm, and all the rights pertaining to the debt followed and inhered in it, in its changed form. It remained a partnership debt, and was legally and properly included in the deed of trust. *Dunnica v. Clinkscales*, 73 Mo. 500; *In re Estate of Edwards & Wiggington v. John McCune*, 47 Mo. App. 307.

ROBINSON, J.—During the year 1888 a mercantile firm composed of Robinson & Hombs was organized and began business as general merchants in the town of Harrisburg, Boone county, Missouri, and continued in business until October, 1890, when one O. W. Barnett purchased the interest of said Robinson in said firm and assumed all the liabilities of the old firm of Robinson & Hombs, among which was a debt of the old firm to the Sturgeon Savings Bank for money borrowed, which had gone into, and made part of the capital stock of, said firm.

On the organization of the new firm and to increase its capital stock, it was agreed that the copartners should assume the payment of the $2,000 debt due the Sturgeon Savings Bank individually, which they did by executing their individual notes to the bank for $1,000 each, and these notes constitute part of the debt secured by the deed of trust in controversy, under which the interpleader claims the property that was afterward attached by the plaintiffs herein, the Scott-Force Hat Company and other creditors of said new firm of Hombs & Barnett.

On the twenty-seventh day of January, 1892, W. T. Hombs, for and in behalf of Hombs & Barnett, executed a deed of trust to the property together with a

small storeroom worth about $300 to one J. T. Hombs
as trustee for the benefit of the Sturgeon Savings
Bank, securing an alleged indebtedness of $4,800.
And on the following day the trustee took possession
of the storehouse and the entire stock of goods named
in said deed of trust, under his deed of trust, and was
in possession of and holding same when the sheriff of
Boone county, under several writs of attachment sued
out by creditors of Hombs & Barnett, on the thirtieth
day of January, 1892, levied upon and seized all the
goods and merchandise named in the deed of trust,
together with the storeroom where the goods were kept;
and among the writs levied was one in favor of the
Scott–Force Hat Company, plaintiff herein.

At the February term, 1893, in the Boone county
circuit court, J. T. Hombs and the Sturgeon Savings
Bank filed their interplea claiming all said property in
the hands of the sheriff. The attached property was
by order of the court sold and the proceeds of sale,
amounting to $2,372, was in the hands of the sheriff
at the date of the trial of the issue on the interplea.

After the sale of the attached property the inter-
pleaders filed an amended interplea still claiming all the
property in the hands of the sheriff and verified same
as follows:

"I, John S. Ritchie, cashier of the Sturgeon Sav-
ings Bank, one of the above named interpleaders, on
my oath, say that the allegations and averments con-
tained in the foregoing interplea are correct.

"[Signed]    JOHN S. RITCHIE.
"Subscribed and sworn to, etc."

The plaintiff then filed its answer denying that
the interpleaders were entitled to the possession of the
property, and alleged that said interpleaders claimed
under a deed of trust executed by W. T. Hombs, who
assumed, but without authority, to represent the firm

of Hombs & Barnett, to secure a note of $4,800 to the Sturgeon Savings Bank; that the deed of trust was executed fraudulently and for the purpose of hindering, delaying and defrauding the creditors of Hombs & Barnett, and was received by the bank for that purpose; that, when the deed of trust was executed by Hombs, the firm of Hombs & Barnett had been dissolved and that Barnett had purchased all the assets of the firm and owned them individually; that the deed of trust was given fraudulently for the purpose of securing the individual indebtedness of O. W. Barnett and W. T. Hombs to the exclusion of the firm creditors.

A trial on the pleading, as thus made, was had before the court sitting as a jury, and, after the giving and refusing of instructions, the court found the issues for the interpleaders, and adjudged that the interpleaders have judgment for the recovery and restitution of the property, and that they recover of plaintiffs their costs, and that execution issue therefor. Plaintiff filed its motion for a new trial and in arrest of judgment, and both being overruled, it prosecutes its appeal to this court.

The questions before us now for review are the alleged errors in the giving and refusing of instructions, and such as arise upon the record in the case. The appellant contends that the motion in arrest should have been sustained for the reason that the Sturgeon Savings Bank could not maintain the interplea and was not a proper party thereto; that if the deed of trust, under which alone interpleaders claimed the property, was valid, the trustee held the legal title to the property involved and was alone authorized to maintain this action, the respondent contending that the court now, as the lower court could have done, had its attention been called to the matter, can disregard

the error of misjoinder of parties, strike out the name of the unnecessary and improper party, and render judgment in favor of the trustee as alone the legal owner of the property; and that, as the judgment was not so rendered by the lower court, it was a harmless error, and did not vitiate the judgment; and that appellant is not now in a position to avail itself of this defect.

Section 2043, Revised Statutes, 1889, provides that: "The defendant may demur to the petition, when it shall appear upon the face thereof  *  *  *  that the plaintiff has not legal capacity to sue; * * * or  *  *  * that there is a defect of parties plaintiff or defendant," and section 2047 in same act further provides that if no objections be taken by demurrer when said objections appear upon the face of the petition, "the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action."

In this case the rights, interest and claim of the interpleaders to the property were clearly set out in the amended petition and statement of interpleader filed. The deed of trust recited the name of the trustee therein, the object of the deed of trust, and for what and whose debts it was given to secure, and the amount thereof was fully set out and declared upon, so that the exact attitude and relation of the interpleaders to the property claimed was clearly and fairly disclosed, with no attempted concealment whatever made.   The defect of the parties interpleading was clearly manifest upon the face of the amended statement of interpleaders, and it could have been reached by demurrer and the course indicated by the statute should have been pursued. Failing to make the objection in that way it must be

deemed to have been waived. Neither was the objection made as to defect of parties by answer, objection to the introduction of testimony, or in the motion in arrest of judgment, but it was made for the first time when the case gets to this court on appeal.

Litigants will not be permitted to remain quiet as to defects, not affecting substantially the merits of the case, until a judgment has been rendered and then move in arrest of judgment on account of such defects, and much less so can the objection be made in this court for the first time. Under our practice, parties are required to be more specific in their dealings with each other, and having elected to adopt a certain course of action they will be held confined to it, and the court in furtherance of justice, and as provided in sections 2113 2114, Revised Statutes, 1889, will make such amendments as the verdict or finding of facts under the issues made will warrant.

Appellant next contends that as the verification of the interplea was by Ritchie, the cashier of the Sturgeon Savings Bank, the beneficiary in the deed of trust, under which interpleaders claim the property, it was insufficient, and gave the court no jurisdiction to hear and determine the question of possession and ownership of the property; that the interpleader, or someone as his agent, must verify the interplea, and that a verification by any other than the interpleader or someone as his agent, and in his behalf is no verification under the statute, and that without a proper verification there is no jurisdiction in the court, the proceeding being purely statutory.

Conceding the correctness of appellant's position for the sake of this cause, still we are unwilling to say that the statement filed by the interpleaders was not duly verified. It was verified by Ritchie, as cashier of the bank, one of the interpleaders. To say now that

the bank was an unnecessary or improper party is not to say that it was not a party interpleader. It was a party to the interplea and as such under the statute Ritchie, as its cashier could subscribe and verify the in terplea. That the bank was not a necessary party is no answer to the fact that it was a party. Plaintiff, if it desired to take advantage of the misjoinder of the bank as a party interpleader, could have done so by demurring to the interplea, and when the demurrer was sustained, then have made its motion to have the interplea stricken out for the reason that same was not duly verified by a party interpleader or someone as agent. Failing to take advantage of its rights and opportunities then, it can not now be heard to complain.

Another question pressed with great earnestness by the appellant is that the trial court committed error in rendering judgment for the interpleaders "for the recovery and restitution of the property," as, by its judgment, it attempted to dispose of property over which it had parted with control by previous order of sale; that by said order of sale, and the action of the sheriff thereunder, title and possession of said property had been invested in a stranger, and that neither this court nor the trial court below could now divest them of same by a judgment in this case, or by a direct replevin suit instituted by interpleader against said strangers for said property.

The judgment in this case for the recovery and restitution of the property was improper in view of the finding of the court on the facts of this case as disclosed by the record. The property, while in the hands of the court, and over which the parties were litigating, had been disposed of by order of the court, and its proceeds ordered in the hands of the sheriff, and the proceeds then stood for, and represented, the goods, and all liens

existing on the property under the levy of the writs of attachments, rested on and attached to the proceeds, and the judgment which the court should have rendered on finding the facts for the interpleader, is that the interpleaders were entitled to the possession of all the property described in the interplea at the date of the levy and seizure of same by the sheriff under the writs of attachments issued in this case and the filing of his interplea herein, and that they have and recover the proceeds arising from the sale of the goods by the sheriff and that the sheriff be ordered to pay same over to interpleaders. While the judgment rendered in this case was informal and was not in full accord with the finding of the facts as made by the court it is no ground for a reversal. This court has power, upon the record record before it, to make judgments conform to the issues tried in the cause, and will do so in this case.

Section 2304, Revised Statutes, 1889, provides that: "The supreme court, St. Louis court of appeals and Kansas City court of appeals, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law" etc. The objection urged by appellant on this point is too technical, and will be ignored.

Appellant further urges that the trial court erred in excluding material questions put in issue by the pleadings, and supported by evidence offered by plaintiff in the attachment; in the declarations of law given at the instance of the interpleaders.

The court at the instance of the interpleaders gave two instructions as follows:

"1. If the deed of trust offered in evidence was given by W. T. Hombs, a copartner of the firm of Hombs & Barnett, in good faith, to secure a *bona fide*

indebtedness due by said firm and said Hombs & Barnett to the interpleader, the Sturgeon Savings Bank; then said deed of trust is valid, and the verdict in the cause should be, that the property described in the deed of trust and seized under the attachment is the property of the interpleaders.

"2.   The burden of proof is upon the plaintiff in the attachment to show that the deed of trust offered in evidence is fraudulent—that it was made with the intent to hinder, delay or defraud other creditors of the defendants in the attachments. That interpleaders, when they accepted said deed of trust, not only had knowledge of such fraudulent intent, but that they were parties to such fraud, and participated in the objects and designs to be accomplished thereby; and, unless such knowledge| and participation is established by a preponderance of testimony, the verdict should be for the interpleaders."

These instructions are correct under interpleaders' theory of the facts in the case, and if the court found them to be true, to the exclusion of all the facts as presented under plaintiff's theory of the case, then no error has been committed, provided the court has not refused and excluded proper instructions on plaintiff's theory of the facts. "All instructions given in a case should be taken and read together, and, if being so read they are harmonious, consistent and not calculated to mislead, a judgment should not be reversed simply because any one or more of the series standing alone do not embrace all the issues." *Spillane v. Railroad*, 111 Mo. 555; *Karle v. Railroad*, 55 Mo. 476; *Whalen v. Railroad*, 60 Mo. 323.

These instructions authorize a verdict for the interpleaders under his theory of the facts in the case, without embracing the other facts of the case constituting appellant's theory of the case, which were fully pre-

sented in the instructions given in behalf of the plaintiff and those given by the court of its own motion. There is no necessity for qualifying each instruction by an express reference to the others, and in the failure of the trial court to do so, no error is committed.

Plaintiff contends that instructions 1 and 2 given for interpleaders entirely eliminate from the consideration of the court (sitting as a jury in this case) the question as to whether the firm of Hombs & Barnett, the attachment defendants, had been dissolved and O. W. Barnett had become the sole owner of the goods in controversy before the execution of the deed of trust, and required a finding for the interpleaders, regardless of such sale; that it left out of view the question as to whether the individual debts of O. W. Barnett and W. T. Hombs had not been included in the deed of trust. These questions, as well as every other phase of the case that was touched upon by any witness, were very fully and comprehensively included in the eleven instructions given at plaintiff's request, and two others that were asked, but which were modified by the court and then given as by the court. It would take up too much space to reproduce the instructions here, but suffice it to say that every possible theory of a defense that was suggested by any testimony whatever was submitted in the instructions given in plaintiff's behalf, and, under the issues as thus fairly submitted, the court, sitting as a jury, found the issues for the interpleaders, and that finding will be binding upon this court. There was no conflict in the instructions, they were logical, consistent and, taken as a whole, were harmonious and covered every phase of the case as same was presented by the testimony of both interpleaders and plaintiff.

Appellant's appeal is without merit, and judgment will be modified by striking out the name of the Stur-

geon Savings Bank therefrom, and let it stand affirmed in the name of J. L. Hombs. Judgment of trial court, with above modification, as to form of judgment and name of parties interpleading, affirmed at cost of appellant. All concur.