Beck v. Wisely.

---

JULIA A. BECK, Respondent, v. JAMES WISELY, Defendant;  C. P. SEITZ, Interpleader and Appellant.

| 63 | 239 |
| 81 | 238 |
| 63 | 239 |
| 95 | ᵇ264 |

Kansas City Court of Appeals, November 4, 1895.

1. **Trial Practice:** INTERPLEA: VERDICT: JUDGMENT. On the trial of an interplea the issue was, whether the attached corn was the property of the interpleader.  The verdict found "the issue for the plaintiff."  The judgment was, that the interpleader take nothing by his interplea and plaintiff go hence, etc.  *Held*, sufficient.

2. **Appellate Practice:** SAME THEORY ABOVE AND BELOW.  An interpleader who, on his evidence and instructions, submits the issue of the right of property to the jury which is found against him and does not, by motion for a new trial or in arrest, raise the question of the insufficiency of the verdict and judgment, can not raise such question in the appellate court.

3. **Trial Practice:** INTERPLEA. On the trial of an interplea, the ownership of the attached property is the sole issue to be tried; and the extent of the attaching plaintiff's claim against the defendant is not a matter in issue on the interplea. *Distilling Co. v. Hubbard*, 35 Mo. App. 23; *distinguished*.

4. **Instructions:** INCLUDED IN OTHERS.  An instruction covering matter contained in other instructions is properly refused.  Instructions in this case approved and the verdict *held* to be for the right party.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*M. T. January* for appellant.

(1)  The court erred in refusing interpleader's instruction number 5, as it enunciated a sound legal

proposition, and there was evidence to sustain it. The issue should have been submitted to the jury. (2) Instruction number 1 is erroneous because it ignores interpleader's theory of the case. Numbers 2 and 3 are subject to the same criticism, and, besides, they do not state correct legal propositions. *Hunt & Evers v. Shoemaker*, 57 Mo. App. 454. (3) Interpleas in attachment suits are governed by the same rules of procedure as actions in replevin. As Mrs. Beck claimed only a special interest in the property, the jury should have found the value of her interest, in order that interpleader might pay it and have the property. The verdict was, therefore, not responsive to the issues, and the judgment thereon is erroneous. *Distilling Co. v. Hubbard*, 53 Mo. App. 23, and cases; *Dilworth v. McKelvey*, 30 Mo. 149. (4) A motion in arrest of judgment is not necessary to raise the last named point for determination in this court. It arises on the record. *Distilling Co. v. Hubbard*, 53 Mo. App. 28.

*G. S. Hoss* for respondent.

(1) The contention made by appellant to the the effect that the jury should have found the interest of plaintiff in the attached property is not tenable. The only issue on trial was, "who was entitled to the possession of the property." *Huoson v. Tootle*, 72 Mo. 637; *Miles v. Thompson*, 61 Mo. 407; *Rindskoff v. Rodgers*, 34 Mo. App. 126; *Engine & Thresher Co. v. Glazier*, 55 Mo. App. 95. (2) The court did not err in refusing instruction number 5. The entire substance of this instruction was embraced in instruction number 1, given on behalf of plaintiff. (3) The entire evidence in this case is set out in the abstract, and the entire testimony shows that the verdict was manifestly for the right party, and where this is the case the court

will not reverse for some technical error. *Brooking v. Shinn*, 25 Mo. App. 277; *The Aultman-Taylor Co. v. Smith*, 52 Mo. App. 351.

GILL, J.—This is a controversy between an interpleader and plaintiff in a suit by the landlord for rent of a farm. The crop was attached and Seitz filed an interplea, claiming the same under an alleged prior purchase from the tenant. The case was here before (52 Mo. App. 242), and it was reversed and remanded because of the failure of the evidence to show that Wisely had ever rented the place, or was indebted to plaintiff on that account. At the second trial, plaintiff clearly established every fact entitling her to a landlord's lien on the crop grown on the premises, and the judgment, which is in her favor, must be affirmed, unless some technical points raised by interpleader's counsel shall be held against the plaintiff.

I. Interpleader's most plausible objection is that of an alleged error on the record proper. It may be stated in this way: The simple issue was tried, whether or not the attached corn was the property of the interpleader. On this the jury returned this verdict: "We the jury find the issues for the plaintiff, Julia A. Beck." And upon this the court entered the ordinary judgment that "interpleader take nothing by his interplea herein, that plaintiff, Julia A. Beck, go hence," etc., and recover her costs. Interpleader's counsel now for the first time contend that this verdict should have stated the amount of plaintiff's interest in the property and that the judgment should have followed, fixing the extent of the plaintiff's interest.

In the first place, the interpleader is not entitled, at this late stage of the litigation, to be heard on this objection. Throughout the entire proceedings in the court below, neither party even suggested to the trial

court to have the extent of the interest of the attaching plaintiff fixed and declared. Instructions were framed by plaintiff and interpleader alike, looking to the decision of the one question only, to wit: Was interpleader the owner of and entitled to the possession of the corn? And after the verdict and judgment, interpleader, neither by motion for new trial, nor in arrest, raised any such question. Interpleader then having adopted and chosen a theory upon which the case should be tried and determined is hardly in a condition to complain.

But, however this may be, there was no error in the verdict or judgment. It was entirely responsive to the issues being tried. It is well settled by the decisions in this state, that, where the interpleader sets up in his interplea a title of general ownership to the attached property, the sole issue to be tried and determined is whether or not the attached property belongs to the interpleader, and the jury should confine the verdict to an answer to that question. *Nolan v. Deutsch*, 23 Mo. App. 1; *Rindskoff v. Rogers*, 34 Mo. App. 131; *Engine & Thresher Co. v. Glazier*, 55 Mo. App. 96.

The decision of the St. Louis court of appeals (*Distilling Co. v. Hubbard*, 53 Mo. App. 23) does not conflict with the cases just cited. The doctrine of the above cases is there fully recognized. In that case, the interpleader claimed only a *special* interest, and it was said in remanding the cause, that that special interest should be fixed by the jury in a subsequent trial. Counsel, with much ingenuity, argue that, if when the interpleader's interest is special it should be fixed by the verdict and judgment, why should not the same rule apply to a case where the interest of the attaching creditor is special. None of the decisions to which our attention has been called explain this. But to my

mind there is reason for the distinction. The extent of the attachment plaintiff's claim against the defendant is not the matter in issue on the interplea; the question is whether or not the interpleader has title to the property seized. The statute (section 572, Revised Statutes, 1889) never contemplated the settling of plaintiff's claim in the trial of the interplea. It calls for the issue on the interplea to be settled, "without delay," and before trial and judgment on the plaintiff's claim against the principal defendant. *Ladd v. Couzins*, 35 Mo. 513. The extent of the attaching plaintiff's claim against the defendant could not, in the nature of things, be settled definitely in the contest between the plaintiff and the interpleader. The amount of principal, interest and costs that the plaintiff may in the end be entitled to, as against the defendant, can only be known and determined at the termination of that litigation.

The interpleader was not harmed by the court's refusal to give his instruction number 5, since the matter therein contained was fully covered by another instruction given. Nor can we discover any substantial objections to the court's instructions. Interpleader's counsel suggest some general objections, as that they do not properly declare the law, and that they ignore his client's theory of the case; but we fail to perceive any just grounds for such general criticism.

Above all this, however, a perusal of this record shows a fair trial and discloses an entirely meritorious case for the plaintiff. The judgment was manifestly for the right party and will be affirmed. All concur.