THE STATE *ex rel.* HOMBS v. HOCKADAY, *Judge.*

### Division One, January 28, 1896.

Attachment: INTERPLEA: SALE OF PROPERTY: DISPOSITION OF PRO-
CEEDS.   Where seven separate and independent attachment suits
were instituted against an insolvent debtor, and a creditor filed an
interplea in each suit claiming the property attached, which was,
upon the application of all of the attaching plaintiffs, sold and the
sheriff instructed to hold the proceeds of the sale "subject to the
further order of the court," the interpleader can not, upon obtaining
"judgment of recovery and restitution" in one case, have possession
of the proceeds, but disposition of them must await the determination
of the interpleas in the other suits.

### *Mandamus.*

PEREMPTORY WRIT DENIED.

*Odon Guitar* and *Silver & Brown* for relator.

(1) When the judgment of the Boone circuit court
in the case of the Scott–Force Hat Company v. Stur-
geon Savings Bank *et al.*, was modified and affirmed in
this court, "with directions to enter a particular judg-
ment, that court had no power to enter any other judg-
ment, or to consider or determine other matters not
included in the duty of entering the judgment as
directed.   All other matters had become *res adjudicata*
and could not be reopened. *Stump v. Hornback,* 109 Mo.
272; *Walter v. Tabor,* 21 Mo. 75; *State ex rel. v. Givan,*
75 Mo. 516; *Shroyer v. Nickel,* 67 Mo. 589; *Hurck v.
Erskine,* 50 Mo. 116; *Wilburn's Adm'r v. Hall,* 17 Mo.
471; *Myer v. Campbell,* 12 Mo. 603; *Gamble v. Gibson,
Ex'r,* 19 Mo. App. 531; R. S. 1889, sec. 2309.   (2)
The proceeding under an interplea in attachment is in
the nature of an action *in rem,* and is said to bind not

only *inter partes*, but *inter omnes*.   21 Encyclopedia of Law, 130; *Mills v. Thompson*, 61 Mo. 415; *Hewson v. Tootle*, 72 Mo. 632; *Reeves v. Barker*, 26 Mo. App. 487; *Williams v. Broden*, 57 Mo. App. 317.   (3) The other attaching creditors were parties ''in interest'' if not parties ''by name'' to the suit; they had notice of its institution, and progress, participated in its proceedings, and were directly interested in its results, and are bound by the judgment rendered therein.   *Strong v. Ins. Co.*, 62 Mo. 289; *Landis v. Hamilton*, 77 Mo. 554; *State ex rel. v. Coste & Harrison*, 36 Mo. 437.

*C. B. Sebastian, Wellington Gordon*, and *Turner, Hinton & Turner* for respondent.

(1) The proceedings of an interplea are in the nature of a distinct suit; the separate levy by the sheriff of the six different writs of attachments for the six different plaintiffs, constitute six different liens upon the attached property.   The right of the one is in no way affected by the other, except as to priority and amount. The interpleas filed in the six different cases and the answer in each case, putting in issue the right of the interpleader to the property, constitute six different and independent causes of action; each of which must be determined before the respective rights of all the parties can be ascertained; and what, if any, interest each of the claimants has to the money now held by the sheriff under the order of the court.   This court has expressly ruled in the case of *Strauss v. Ayres*, 87 Mo. 348, that a judgment for or against a garnishee in an attachment in favor of one creditor is not binding on any other attaching creditor; between the two creditors there is no privity.   There being then no privity between the attaching creditors, the decision in the interplea of one can have no binding effect upon the

other. This is a proposition too clear to need any citation of authorities. See, also, *Chouteau v. Allen*, 74 Mo. 59, and *Ford v. O'Donnell*, 40 Mo. App. 60. (2) It is true that an interplea is, in many respects, of the nature of replevin, but when the interpleader claims property seized by different attaching creditors, and files an interplea in each attachment suit, and an answer is filed to each interplea denying the interpleader's right, the right thus put in issue can only be determined by a trial of each issue thus made. If the petitioner had elected to assert his claim by replevin, the sheriff would have been a party; and he would have pleaded his six several writs of attachments, and the rights of each could be determined by the issues so formed; but not so in the interplea. The petitioner, having chosen his remedy, will have to abide his choice and meet the issues he has tendered and which have been accepted, by the attaching creditors, before he can deprive them of their interest in the attached property. The other five attaching creditors have not had their day in court; their rights must be determined before the money can lawfully be disposed of.

BRACE, P. J.—This is a proceeding by *mandamus* to compel the respondent, as judge of the circuit court of Boone county, to make an order upon the sheriff of said county to pay to relator the proceeds of the sales of certain property sold by him in pursuance of an order of said court.

Prior to the thirtieth day of January, 1892, seven separate and independent suits were instituted in said circuit court against Hombs & Barnett, a firm composed of W. T. Hombs and O. W. Barnett, by seven of their creditors; in each of which a writ of attachment was issued, on or before that day, and severally levied, upon

the property in question, consisting of a stock of goods, wares, and merchandise.

Afterward, at the February term of said court and on the seventeenth day of February, 1892, the relator and The Sturgeon Savings Bank filed their joint interplea in each of said suits, claiming said property, upon each of which interpleas issue was thereafter duly joined by answer.

Afterward, on the twenty-fourth of February, 1892, on the joint application of all of the plaintiffs in said several suits, the said circuit court ordered the sheriff to sell said property and to hold the proceeds of the sale "subject to the further order of the court." The sale was made in pursuance of the order and the proceeds thereof, amounting to the sum of $2,400, is in the hands of the sheriff.

At the November term, 1892, of said court, the issues upon the interplea of the relator and the bank in the case of Scott-Force Hat Company against said Hombs & Barnett coming on to be heard, were tried, and resulted in a verdict in favor of said interpleaders, and it was ordered and adjudged, *sic*, "that interpleaders have judgment for the recovery and restitution of said property, and that they recover of plaintiffs their cost in this behalf laid out and expended, and that execution issue therefor." From this judgment the plaintiff, the Scott-Force Hat Company, the defendants in this interplea, appealed to this court, where the judgment was modified by striking out the name of "The Sturgeon Savings Bank," and the judgment affirmed.   127 Mo. 392.   In the meanwhile, the issues upon the relator's interpleas in the other six attachment suits remained, and still remain, undisposed of.

Upon such a state of facts how can it be said those issues, or any one of them, have been adjudicated— having never yet been submitted, tried, or passed upon?

It is true that the plaintiffs in these six suits united with the Scott-Force Hat Company in the application for the order of sale, but that order did not and could not adjudicate any of these issues to any extent whatever. The only effect of that order was to save the value of the property attached from perishing, and bring it into court in the shape of money, to abide the determination of those issues and to be thereafter disposed of as the court might order. R. S. 1889, secs. 547 and 548. The issues in each one of these suits remained the same after as before the order of sale, unsubmitted, untried, and unadjudicated. After that only the issues in one of these suits was tried, and determined, that of the relator v. The Scott-Force Hat Company. The issue in that case was which of *these two parties* had the better right to the property—the relator by virtue of the conveyance under which he claimed, or the hat company, by virtue of the levy of its writ of attachment. This was the issue raised by the pleas in that case and the only one that could have been determined therein. Whether this property belonged to one or the other of these parties as against the world or as against all or either of the other attaching creditors, could not have been, and was not, tried, in trying that issue. Hence the judgment upon the issue could only have been what it was in effect: that the interpleader have and recover of and from *The Scott-Force Hat Company* the property claimed.

As to the other attaching creditors the interpleaders did and could recover nothing; as to them the interpleader could not recover until the issues made on his interpleas in their cases had been determined or otherwise disposed of in his favor, and until they were so disposed of the proceeds of the sale made for the benefit of all the parties and brought into court to abide the determination of all the issues raised by each of the

suitors independently for himself, could not be turned over to the interpleader. The judgment on the issues in the one interplea tried could go no further than to eliminate the claim therein set up to the proceeds against the interpleader, and leave such proceeds to abide the determination of the issues between him and the other claimants. Hence the return of the respondent upon the facts "that he may not lawfully prior to a determination of the rights of the aforesaid several plaintiffs in attachment as against the relator, cause an order to be entered directing the sheriff of Boone county to turn over to relator the proceeds arising from the sale of said attached property" ought to be sustained, and a peremptory writ denied, and it is accordingly so ordered. All concur.