BOHM BROS., Defendants in Error, v. J. M. STIVERS, Defendant; IONA A. BURNS, Interpleader, Plaintiff in Error.

**Kansas City Court of Appeals, October 30, 1899.**

Attachment: INTERPLEA: JUDGMENT FOR INTERPLEADER: APPELLATE AND TRIAL PRAQTICE. Where on a trial of interplea the verdict is for the interpleader, the judgment should turn the goods or their proceeds over to the interpleader; and on the trial court's failing to do so, the appellate court on a writ of error without bill of exceptions will give directions correcting the judgment.

Error to the Saline Circuit Court.—*Hon. Richard Field,* Judge.

REVERSED AND REMANDED (*with directions*).

*D. V. & E. S. Herider* and *D. D. Duggins* for plaintiff in error.

(1) The issues were properly framed and presented to a jury, and the jury returned a verdict in favor of the interplea. Then the interpleader, Iona A. Burns, was clearly entitled to a judgment for the property, or for the proceeds thereof in the hands of the sheriff. Hat Co. v. Hombs, 127 Mo. 392; Allen v. Sales, 56 Mo. 28, 34; Engine & Thresher Co. v. Glazier, 55 Mo. App. 95. (2) On the trial of the interplea the ownership of the attached property is the sole issue to be tried. Beck v. Wisely, 63 Mo. App. 239. In the case at bar the verdict of the jury was responsive to the issue. Hewson v. Tootle, 72 Mo. 637; Nolan v. Deutsch, 23 Mo. App. 4, 5.

*Leslie Orear* for defendants in error.

(1) All other mesne process, orders not made in court, motions, evidence and exceptions taken, must be preserved

in a bill of exceptions. The evidence used on the trial and the prior disposition of the funds, doubtless caused the judgment to be entered by this court which was actually entered, and it is a proper judgment under fitting facts. An interpleader case is a new suit, docketed separately and a separate judgment entered, requiring a separate bill of exceptions and all the record is kept separate from an attachment suit upon which it is engrafted and none of the record in the attachment suit forms any part of record in this case. Car Co. v. Barnard, 139 Mo. 142; Bateson v. Clark, 37 Mo. 34; Railway v. Carlisle, 94 Mo. 166; Nicol v. Hyre, 58 Mo. App. 134. The abstract shows no motion for a new trial or bill of exceptions, and we submit that the above authorities conclusively hold that the plaintiff in error has no standing in this court.

GILL, J.—Bohm Brothers sued Stivers on an account and by attachment seized a small stock of merchandise then in the possession of Iona A. Burns—plaintiff claiming that the goods belonged to said defendant Stivers. Shortly after the goods were attached they were sold under order of the court, so that subsequently, when Mrs. Burns filed her interplea setting up her title to the property, the same had been reduced to money which was then in the custody of the court.

On the trial of the issues made by the interplea and plaintiff's answer thereto, the jury returned the following verdict: "We, the jury, find the issues for the interpleader, Iona A. Burns." (Signed) L. H. Tucker, Foreman. Whereupon the court entered the following judgment: "It is therefore considered, ordered and adjudged by the court that the plaintiffs take nothing by the trial of the interplea herein, and that Iona A. Burns, as such interpleader, recover of plaintiffs the costs herein, and that execution issue therefor."

By this writ of error the interpleader seeks to have the above judgment set aside and corrected so as to award her the

property, or, since it has been sold, to direct the proceeds paid over to her.

That the above judgment was not the proper judgment to be entered on the verdict is plain. The issue tried, and the only one that could have been tried, was whether or not the interpleader, Mrs. Burns, was the owner and entitled to the possession of the attached property. In her interplea she set up title and asked that the property or its proceeds in the hands of the sheriff be returned to her. The jury found this issue in the interpleader's favor, and it then became the plain duty of the court to adjudge and order the property—or rather, since it had been sold by order of the court, to order the proceeds then in the court's custody to be turned over to the interpleader. And the court below having failed to enter the proper judgment it becomes the duty of this court to examine the record and enter here the correct judgment, or remand the case to the lower court with instructions so to do. Sec. 2304, R. S. 1889; Hat Co. v. Hombs, 127 Mo. 392; Beck v. Wisely, 63 Mo. App. 239.

No bill of exceptions was necessary. The error here is one patent on the face of the record proper, and such as will be corrected whether exceptions were saved or not. Nicol v. Hyre, 58 Mo. App. 134; Bateson v. Clark, 37 Mo. 31. The trial court had the property or its proceeds in its own custody and had judicial notice of its character. If it remained in kind then in like condition it should have been, by order of the court, turned over to the interpleader. If converted into money, then the court should have ordered the proceeds of sale turned over to the interpleader.

The judgment entered by the circuit court will be set aside and the cause remanded, with directions to enter the judgment above indicated. All concur.