SPRINGFIELD ENGINE & THRESHER COMPANY, Respondent, v. HENRY E. GLAZIER, Appellant.

Kansas City Court of Appeals, March 23, 1896.

1. **Appellate Practice**: MOTION FOR NEW TRIAL. Where matters of objections and exceptions are not saved in a motion for a new trial, they are beyond the power of the appellate court to investigate.

2. **Attachment**: INTERPLEADER: POSSESSION OF ATTACHED PROPERTY: JURISDICTION. Where an attachment is commenced before a justice and an appeal taken to the circuit court, the latter court has the same power to order the constable to turn over the proceeds of the sale of the attached property as if the proceedings had originated in the latter court.

3. ———: BOND: DISMISSAL. If the plaintiff refused to give new bond when properly ordered, it does not seem improper to dismiss the attachment.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*S. G. Loring* for appellant.

(1)   The court erred in dismissing the attachment. (2)   The defendant, Glazier, was not guilty of contempt in failing to obey the order of the court, made at the February term, 1894, of said court.   He could not be in contempt in disobeying an order which the court had no jurisdiction or authority to make.   3 Am. and Eng. Encyclopedia of Law, bottom page 788; R. S. 1889, sec. 3263; *Matter of Greene County v. Rose*, 38 Mo. 391.

*Harwood & Hubbell*, with *Frank Costello*, for respondent.

There is no motion on the part of appellant for a new trial.   *White v. Caldwell*, 17 Mo. App. 691.

ELLISON, J.—This is a contest between the Springfield Engine and Thresher Company and Henry E. Glazier, the latter being plaintiff in an attachment suit and the former being an interpleader in said suit, claiming as its own the property attached by Glazier.   The interpleader was defeated before the justice's, but was successful before the circuit, court.   On appeal to this court, involving the validity of interpleader's mortgage, under which it claimed the property (55 Mo. App. 95), the judgment was reversed for certain errors, stated in said report.   When the cause again arose in the circuit court, interpleader filed a motion to require Glazier, the attachment plaintiff, to give additional bond in the original attachment case, alleging the original bond to have become wholly insufficient.   The court, after due investigation, made this order, with which Glazier failed to comply.   It should be stated that the property attached had been sold under the provisions of the

attachment law and the proceeds of the sale were being held in its stead. The interpleader likewise asked that the proceeds of such sale be ordered to be turned over to him, which order the court made. It appears that on the refusal of the plaintiff, Glazier, to give the additional attachment bond, the court ordered that the attachment be dismissed as to the property claimed by interpleader.

There were a number of objections and exceptions taken to the action of the trial court, but there was no motion for new trial and a great part of the case, which appears to be somewhat complicated, must, in consequence, be considered as beyond our power to investigate.

Coming, then, to the question of jurisdiction, or power of the circuit court to order the constable to pay over the proceeds of the attached property to the interpleader, we have no doubt that it could properly exercise such power. The cause had been appealed to that court and it had as full power and authority over the proceeds of the sale of the property in the hands of the constable, as if it had been in the sheriff's hands in an original proceeding in the circuit court. As to the action of the court in the trial of the question whether an additional attachment bond should be given, no exception has been preserved, since no motion for new trial appears to have been made. If the order for a new bond was properly made and plaintiff refused to give it, it seems not to have been improper to dismiss the attachment.

As we have before intimated, it is difficult to get at a full understanding of the case from the nature of the proceedings as presented in what may be taken as a combination of statement and abstract. But, in our opinion, there has not been made to appear to us any

sufficient error to justify a reversal of the judgment and it is accordingly affirmed. All concur.